## LOGAN v. CLARK.
### No. 3338.

Circuit Court of Appeals, Fourth Circuit.

April 4, 1933.

John M. Robinson, of Charlotte, N. C. (Hunter M. Jones, of Charlotte, N. C., on the brief), for appellant.

Joe W. Ervin, of Charlotte, N. C. (Walter Clark, of Charlotte, N. C., on the brief), for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

NORTHCOTT, Circuit Judge.

This is an action at law brought, in October, 1931, by appellant J. M. Logan, receiver of the First National Bank of Charlotte, N. C., against appellee, Thorne Clark, in the District Court of the United States for the Western District of North Carolina, to recover upon a written instrument guaranteeing the payment of certain indebtedness of Aileen Mills, Inc., to the First National Bank of Charlotte. The court, over the plaintiff's objection, submitted to the jury, and the jury answered against the plaintiff, an issue as to the release and discharge of the defendant from the guaranty agreement. From the judgment entered on the verdict this appeal was brought.

Prior to February 9, 1928, Aileen Mills, Inc., was indebted to the First National Bank of Charlotte, N. C., on certain notes given for money loaned said company by said bank. These notes were indorsed by various individuals, and on said February 9, 1928, the following writing, signed by the defendant Clark and four others, was executed:

"Whereas, The First National Bank of Charlotte, N. C., has agreed to loan to the Aileen Mills, Inc., Biscoe, N. C., Forty Five Thousand Dollars, which sum is to be secured by note or notes of said Aileen Mills, Inc., to be guaranteed by the undersigned.

"Now, therefore, we, Sloan M. Robinson, Sterling Graydon, David Clark, Thorne Clark, and H. C. Long, Jr., in consideration of said loan to be made as aforesaid, do hereby guarantee to the First National Bank of Charlotte, N. C., the prompt and full payment at maturity, with all interest and charges, and for said consideration we do hereby waive all rights to demand or protest or notice of any kind and agree that any extension of payment or renewal of or substitutions for note or notes given for the said loan may be made without any notice to or consent by us, and we further agree that if said loan or any part thereof is not paid at maturity, we shall be liable therefor, and pay the same to the bank or to the owner of said note or notes, or any paper given for the indebtedness, and we further agree that no signing or endorsement by us of the said note or notes, or other papers for the said loan shall be necessary, and this contract shall remain in force two years.

"In witness, of which we have set our hands and seals, this the 9th day of February, 1928.

"Witness:

| Coit M. Robinson | S. M. Robinson | [Seal] |
| C. G. Buie | Sterling Graydon | [Seal] |
| C. G. Buie | David Clark | [Seal] |
| C. G. Buie | Thorne Clark | [Seal] |
| C. G. Buie | H. C. Long, Jr. | [Seal]" |

The following pencil memorandum appears at the bottom of the foregoing writing: "March 7th, 1930. Memo. See substitute dated March 6th, 1930."

In January, 1930, Aileen Mills, Inc., was placed in the hands of a receiver, and on March 6, 1930, a new contract, guaranteeing payment of the indebtedness due the said bank from the said mills, was executed and signed by three of the original guarantors

in the writing of February 9, 1928. This new contract reads as follows:

"Whereas by a paper writing dated the 9th day of February, 1928, the undersigned guaranteed to the First National Bank of Charlotte, N. C., the payment of certain obligations of the Aileen Mills, Inc., then outstanding and also certain obligations thereafter to be given and, whereas, there are now outstanding promissory notes of the said corporation made payable to said Bank, and or its assigns, for the payment of which the undersigned are liable upon their said guaranty, the said notes bearing dates and being for the principal amounts and maturing as follows:

| Date of Note | Principal of Note | Date of Maturity |
|---|---|---|
| Dec. 20, 1929 | 5,000.00 | 60 days after date |
| Dec. 20, 1929 | 5,000.00 | 60 days after date |
| Dec. 27, 1929 | 10,000.00 | 60 days after date |
| Dec. 27, 1929 | 10,000.00 | 60 days after date |
| Jan. 18, 1930 | 15,000.00 | On demand |

"(The last named note bears a credit in the sum of $9,443.01, representing money on deposit applied by the Bank upon the said note, to which credit the undersigned are entitled only in the event the Bank is able to and is allowed to retain said. funds.) and, whereas, the Aileen Mills, Inc., is now in receivership and the undersigned have requested the First National Bank of Charlotte, N. C., to cooperate with them for the purpose of procuring the said receivership to be continued as an operating receivership for three months.

"Now, therefore, in consideration of the agreement by the said Bank to cooperate with the undersigned for the purpose of procuring the said receivership to be continued as an operating receivership for three months, the undersigned do now acknowledge their liability to the First National Bank of Charlotte, N. C., and its assigns for the payment.for the above stated promissory notes, principal and interest, and they agree to be and remain liable to the said Bank and its assigns upon all the said notes and all obligations that may be covered by the said contract of guaranty hereinbefore referred to, notwithstanding any extension of time for the payment of the said notes that the said Bank may grant to the Aileen Mills, Inc., or its receiver, and notwithstanding any concession or extension that the said Bank may make to the said corporation or its receiver, and notwithstanding anything of any nature whatsoever that the said Bank may do with respect to the said notes regardless of whether or not the undersigned consent to or receive notice of such extensions, concessions or things, the purpose and intent of this instrument being to authorize the said Bank to do anything of any nature whatsoever that it may see fit with respect to the said notes hereinabove referred to, or any obligations that the undersigned may be liable for under the said contract of guaranty without thereby releasing the undersigned or in any manner affecting their liability.

"This 6th day of March, 1930.

"David Clark [Seal]
"Sterling Graydon [Seal]
"S. M. Robinson [Seal]"

On the bottom of the foregoing writing appeared the following pencil memorandum: "Memo. 3-7-30. David Clark presented to us our letter of 3-7. Copy here handed him same time. Clark don't desire names of Thorne Clark and H. C. Long."

The operating receivership of the Aileen Mills, Inc., referred to in the contract of guaranty of March 6, 1930, was agreed to by the First National Bank of Charlotte, and no action was brought upon the notes of the Aileen Mills, until after the bank went into the hands of the receiver on December 8th, 1930. The receiver of the bank testified at the trial in February, 1932, that the Aileen Mills, Inc., so far as he knew, was continuing to operate under a receiver. The defendant Clark testified that he knew nothing of the execution of the new contract of guaranty and had nothing to do with the agreement as to the operating receiver. This was not denied.

Filing the claim of the bank with the receiver of Aileen Mills, Inc., the cashier of the bank executed and sent to the receiver the following statement:

"To D. D. Bruton, Permanent Receiver of Aileen Mills, Inc., Troy, N. C.

"First National Bank of Charlotte, N. C., herewith files its claim against the Receiver of the Aileen Mills, Inc., Troy, N. C., in the amount of $35,556.99, Thirty five thousand five hundred and fifty-six dollars and 99-100 plus all past due interest from maturity of notes listed below as following:

| Note No. | Maker | | Amount | |
|---|---|---|---|---|
| 2160 | Aileen Mills, Inc. | | $ 5,000.00 | February 18, 1930 |
| 2219 | Do | | 10,000.00 | February 25, 1930 |
| 2089 | Do | | 15,000.00 | March 10, 1930 |
| 2501 | Do | Bal. Note | 5,556.99 | Demand interest due on this note from Jan. 23, 1930 |
| | Total | | $35,556.99 | |

"Payment guaranteed on the above four notes by the following David Clark, Thorne Clark, S. M. Robinson, H. C. Long, Jr., and Sterling Graydon as per letter on file. Dated

Feb. 9th, 1928. This cancelled and guaranteed by David Clark, S. M. Robinson and Sterling Graydon as per letter dated March 6th, 1930.

"First National Bank, Charlotte, N. C.
"By R. C. Johnson, Cashier.

"State of North Carolina, County of Mecklenburg.

"R. C. Johnson being duly sworn deposes and says that he is Cashier of First National Bank, Charlotte, N. C. That the above statement of amount due by Aileen Mills, Inc., to said bank is correct and that no part of said amount has been paid.

"R. C. Johnson.
"Subscribed and sworn to before me this the 18th day of April, 1930.

"Shaw E. Pender, Notary Public. [Seal.]
"My Commission expires Feb. 19, 1932."

One Henry M. McAden was president of the First National Bank of Charlotte, N. C., but only gave part time to the bank, conducting at the same time an insurance business. One R. C. Johnson was cashier of the bank and gave it his full time. Johnson, the cashier, made the memorandums on the bottom of the two contracts of guaranty, and McAden testified that Johnson had charge of the handling of the two agreements and "handled largely the transaction involved," but that the cashier would not have the authority to cancel one of the agreements, without consulting the president.

No loan was made to the Aileen Mills by the bank after February 8, 1928, and the notes sued upon were renewals and all a part of the indebtedness existing before that date.

Thorne Clark, the defendant below, was not an indorser on any of the notes at the time of the execution of the agreement of February 9, 1928.

It is well settled that any material change in the situation as to a debt guaranteed, made by the creditor, without the knowledge or consent of the guarantor, will release the guarantor.

So also, when the guarantee abandons the guaranty and extends the time of the payment of a debt without the guarantor's knowledge, the guarantor is released. 28 C. J. 994, and authorities there cited under note 81; 28 C. J. 992, 151B.

Here a material change was made in the situation with regard to the debt guaranteed and this change was made without the knowledge of the guarantor, Thorne Clark. The second agreement of guaranty in its express terms shows that it was intended to take the place of the first agreement in order that the extension of time necessarily involved in the consent of the First National Bank of Charlotte, to an operating receivership, would not relieve the guarantors who signed the last agreement. The period of time covered by the first agreement, two years, had expired when the second agreement was entered into. Evidently the operating receivership could not be brought about except by the agreement of the bank which was only given after the second agreement of guaranty was signed. It will be readily seen, by comparison, that the second agreement was much broader in its scope than the first one and permitted the bank to do whatever it might see fit with respect to the debts. The new agreement had no limitation as to time and guaranteed existing indebtedness; whereas, the first agreement was for a term of two years only and by its terms guaranteed the payment of money to be loaned. In addition to this, memorandums made by the cashier Johnson at the bottom of both agreements show that the second agreement was intended by the bank to be substituted for the first one and to take its place. The account filed with the receiver of the Aileen Mills, and verified under oath by Johnson, the cashier, contains the statement that the first agreement was canceled and the debt guaranteed by the three parties who signed the second agreement.

Johnson, the cashier, was the official of the bank actively in charge of its business to which the president, McAden, gave only part time, yet McAden, according to the record, himself knew that the second agreement of guaranty was executed in order that the bank might agree to the operating receivership. This operating receivership was agreed to by the bank and went into operation. All this was done without the knowledge or consent of the defendant, Thorne Clark, and operated to relieve him from the contract of guaranty which he signed.

A somewhat similar situation is discussed in a well-considered opinion in Marshall-Wells Company v. H. O. Tenney et al., 118 Or. 373, 244 P. 84, 45 A. L. R. 1382, and there it is held that where such a material change was made in the situation regarding the debt as affected the rights of the guarantor, without his knowledge, such a change would operate to relieve him of his obligation of guaranty. This is the case here. An entirely new situation was created by the operating receivership of the Aileen Mills, and while the notes sued on were not renewed for

**976**

any definite period, the consent of the bank to the receivership operated to delay the collection of the debt. .

It is also strongly contended on behalf of the appellee that because the first agreement of guaranty expressly referred to loans "to be made," appellee could not be held for already existing indebtedness, and that under the rule that a guarantor's liability cannot be enlarged by construction nor varied by prior happenings the appellee was not liable. National Bank of Commerce v. Rockefeller (C. C. A.) 174 F. 22. In view of our conclusion above stated it is not necessary to decide this point.

There are a number of assignments of error as to admissions of evidence, but an examination of the record leads to the conclusion that they are without merit.

The issues submitted by the court to the jury were proper, and there was ample evidence to sustain the verdict of the jury to the effect that the bank had released the defendant from the agreement of February 9, 1928.

There was no error in the trial below, and the judgment is accordingly affirmed.