**HOLLYWOOD CREDIT CLOTHING CO., Inc., a corporation, Appellant,**

v.

**Clyde THOMPSON, Appellee.**

**No. 1574.**

Municipal Court of Appeals for the District of Columbia.

Argued Dec. 6, 1954.

Decided Jan. 5, 1955.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellant, plaintiff below, sued defendant for an amount owing on his credit account and also as guarantor of the account of one John B. Scott. The facts are these: In April 1951, appellee, accompanied by Scott, went to appellant's store, where he had an account, and made some purchases. Scott also wished to make a purchase of merchandise on the installment plan and desired to open a credit account. He furnished certain names as references, but appellant's credit office was unable to communicate with Scott's place of employment and advised appellee that Scott's credit could not be approved unless he, appellee, signed a contract guaranteeing the payment of Scott's account. Appellee was further informed that in the event Scott failed to make the payments he would be responsible. Appellee then signed as guarantor and Scott received his purchases. Scott's contract provided for a down payment of $3.00, and for $5.00 weekly payments thereafter.

Subsequently Scott entered into additional contracts with appellant without any guaranty, and as a result of these additional purchases his weekly payments were increased from $5.00 to $8.00. This was done without the knowledge of appellee. Scott defaulted in his payments and suit was filed against appellee, who did not appear at the trial, and there was no testi-

·mony offered in his behalf. A finding was ·entered discharging appellee of his guaranty and this appeal follows.

The sole question presented on this appeal is whether there was a material alteration of the contract originally guaranteed by the appellee. If such an alteration occurred, then appellee would be discharged from his obligation as guarantor, as it is well settled that a material or substantial alteration of a guaranteed contract without the guarantor's consent serves to discharge him from liability on his guaranty.[1] The only possible alteration in the contract between Scott and the appellant was that the amount of the weekly payment was increased from $5.00 to $8.00. The contract sued on did not limit the amount of credit which could be extended by appellant to Scott, but it very definitely limited the extent of appellee's liability. This was not an alteration of such a nature as to discharge appellee from his obligation to appellant.

When appellee agreed to be the guarantor on Scott's contract, the terms of the contract and his obligations thereunder were made clear to him. Scott was to pay so much per week until the debt was discharged, and appellee was to be liable for the remaining amount if Scott defaulted. When Scott was extended additional credit on his subsequent purchases, he was still required to pay the weekly amount set out in the guaranteed contract. The additional $3.00 weekly payments did not injure the appellee in any way. Nor is appellee's argument correct that the time for payment was extended so as to materially alter the contract. Scott was always obligated to make at least the original payments, and the granting of additional credit on subsequent contracts did not alter the time in which the original debt was to be extinguished. ˙

It is, therefore, our conclusion that there was no merit in the defense made to the ꞉suit, and that it was error for the trial court to have absolved appellee from his obligation. In our opinion plaintiff was entitled to a judgment for $154.09.

Reversed.

---

1. Benjamin v. Hillard, 23 How. 149, 16 L.Ed. 518; Logan v. Clark, 4 Cir., 63 F.2d 973.