CARROLL, Judge.
These separate appeals, filed by the two defendants below from an adverse final judgment rendered in a non-jury trial were briefed and argued together. The action, for breach of contract, was brought by Control Parts Corporation, herein referred to as seller, against the appellants Aerospace Electronics, Inc., herein referred to as the purchaser, and Nasco, Inc., as a guarantor.
In July of 1961 the purchaser entered into negotiations with the seller to manufacture and supply large quantities of items described as posts, screws, holders, blocks, clamps, bushings, shafts, nuts, supports and spacers, at stated unit prices. Initially an oral purchase order was made. Nasco in writing guaranteed “payment for all invoices issued against Aerospace Electronics, Inc. for material delivered to them in accordance with their purchase orders.”
Thereafter the purchaser placed a revised order, eliminating some items and reducing the number of others. The seller countered with a proposal to proceed on *877 the reduced order basis but at certain increased prices per unit of those items for which the quantities were reduced by the revised order. The purchaser did not respond to that counter offer.
Later, on August 28, a meeting was held between representatives of the seller and the purchaser at which the quantity and price for the revised order was fixed, but in which the seller called for a different and “better” guaranty from Nasco. The seller supplied a form of guaranty to be obtained from Nasco, as follows:
“Know All Men, that, in consideration, of the selling of certain merchandise by Control Parts Corporation to Aerospace Electronics, Inc. for value received and other good and valuable consideration, the undersigned Nasco, Inc., a corporation having its principal office and place of business at 6405 N. W. 36th Street, Miami 48, Florida; does hereby guaranty to the said Control Parts Corporation the payment of any and all moneys due or that may become due by virtue of such sale or sales of merchandise, and the undersigned Nasco Incorporated hereby waives notice of the non payment of any such money or moneys and of the failure of collection of the same by Control Parts Corporation. That annexed hereto and made a part hereof is a certified copy of Corporate resolution passed by the Board of Directors of the undersigned corporation authorizing and permitting the within guarantee as above stated.
“In Witness Whereof the guarantor herein has hereunto set its hand and seal in the City of State of On This Day of
Nasco Incorporated
In Presence of By_
Corporate Seal_
The purchaser gave the seller a check for $2,500 on account, but the requested guaranty from Nasco was never supplied. Thereafter, when certain of the items ordered had been manufactured, but before delivery, the purchaser renounced the contract and stopped payment on the $2,500 check. The seller then brought this action, and recovered judgment against the defendants for $6,000, made up of $5,000 damages plus interest in the amount of $1,000.
On appeal the defendants contend (1) that the holding that there was an effective guaranty binding Nasco was error; (2) that the terms of the guaranty were not complied with, in that no invoices were issued or deliveries made; (3) that the court erred in holding a contract was made between the seller and the purchaser, and (4) that it was error to base the amount of damages on the seller’s estimate of profits customarily received from such type business.
Appellant’s contention that no purchase contract existed is unsound. The trial judge found, and we agree, that after the placing of an order by the purchaser and a counter offer made by the seller, the parties reached an agreement at the meeting on August 28 as to items to be manufactured and sold, and as to their prices.
On the appeal of Nasco, Inc. (No. 65-186) relating to the guaranty, appellant correctly argued that the requirement of the seller for a differently worded and better guaranty from Nasco was a part and condition of the agreement of August 28 between the seller and the purchaser to *878 which Nasco was not a party, and evidenced unwillingness of the seller to proceed on the previously submitted guaranty. See Burt v. Community National Bank of Bal Harbour, Fla.App.1962, 142 So.2d 118, 120; Logan v. Clark, 4 Cir.1933, 63 F.2d 973, 975; Crowe v. Covington Trust & Banking Co., 297 Ky. 737, 181 S.W.2d 245; 38 C.J.S. Guaranty § 68. Cf. Bryant v. Food Mach. & Chem. Corp. Niagara Chem. Div., Fla.App.1961, 130 So.2d 132. Moreover, the terms of the prior guaranty were not met. Accordingly, the judgment against Nasco, Inc. must be reversed.
On the appeal by the purchaser (No. 65-187) we hold, as contended for by the purchaser appellant, that it was error for the court to base damages on the theory (as testified to) that the seller customarily realized 40% profit on such transactions. As stated in 46 Am.Jur., Sales § 627: “The seller is entitled to recover damages directly and naturally resulting from the breach, including compensation for goods manufactured which the buyer did not accept, and compensation for material, labor, and expense for goods in the course of manufacture, and for loss of profits, subject to deduction for the salvage value of the labor and materials furnished or the value which the goods in the process of manufacture may have.”
As to the part which loss of profits may have in such damages, it must be observed that where a purchase contract calls for manufacture and delivery of certain articles for a stated contract sale price, the loss of profit recoverable is that which relates to the particular contract transaction, that is, the difference between the contract sale price and the cost or expense to the seller. This rule of damages is thus stated in the section cited above from American Jurisprudence as follows: “Generally in such cases, the measure of the seller’s damages is stated to be the difference between the contract price and the cost of production of the goods, or, as it is also stated, the difference between the contract price and the cost of performance of the contract.”
Accordingly, on the appeal of the purchaser (No. 65-187) we affirm the holding of the trial court that the purchaser was liable for breach of contract, but we reverse the judgment and remand the cause for new trial, on damages. On appeal No. 65-186, taken by the defendant Nasco, Inc., the judgment against that defendant is reversed.