(77 App. Div. 332.)

### UNION NAT. BANK OF LEWISBURG, PA., v. LEARY.

(Supreme Court, Appellate Division, First Department. December 12, 1902.)

1. STATUTE OF FRAUDS—CONTRACT OF GUARANTY—RECITAL OF CONSIDERATION—
NECESSITY.

    In order to comply with the statute of frauds, the consideration for a
contract of guaranty must be expressed therein in words, or be fairly
inferable therefrom.

2. SAME—SUFFICIENCY OF RECITAL—DETERMINATION.

    In construing a contract of guaranty in order to determine whether·
the consideration for it is expressed therein, or is inferable from its
wording, as required by the statute of frauds, all the facts and cir-
cumstances connected with its delivery, the reason therefor, and the·
purpose thereof, may be shown by oral proof.

3. SAME.

    Decedent and the president of a bank agreed to each pay one-half of
the amount of certain notes held by the bank against a corporation,
and the interest thereon, and receive in payment therefor bonds of the
corporation; and decedent made certain payments accordingly, and, pur-
suant to the arrangement, delivered to the president of the bank a
guaranty reciting that the bank held the notes, and continuing, "I will
be personally responsible for the payment of the two notes, with interest,
within a reasonable time," etc. The proof showed that in consideration·
of the guaranty the bank forbore to enforce payment of the note in·
suit, which was payable on demand. *Held*, that it was fairly inferable
from the language of the guaranty, under the facts recited, that the
consideration for its execution was the agreement to forbear enforce-
ment of the notes for a reasonable time, and the statute of frauds was
therefore satisfied.

    Ingraham, J., dissenting.

Appeal from trial term, New York county.

Action by the Union National Bank of Lewisburg, Pa., against
Mary C. Leary, as administratrix, substituted, etc., for defendant
James D. Leary, deceased. . Judgment dismissing plaintiff's complain-
ant at the close of its case, and it appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGH-
LIN, O'BRIEN, and INGRAHAM, JJ.

Clifford Wayne Hartridge, for appellant.

Leopold Wallach and Alfred A. Cook, for respondent.

HATCH, J. The plaintiff brought this action to charge James D..
Leary, deceased, with liability as a guarantor of payment of a certain
promissory note, bearing date March 6, 1897, given by the John Good
Cordage & Machine Company to John Good, and indorsed by the lat-
ter to the plaintiff in the action. After judgment was rendered here-
in, and on the 15th day of July, 1902, this action was revived, and
the above-named defendant, Mary C. Leary, as administratrix of
James D. Leary, deceased, substituted in the place and stead of said
defendant James D. Leary, who had theretofore died.

It is averred in the complaint that after the making and delivery of
the note to the plaintiff, and on or about the 16th day of October,
1897, the defendant in consideration of extending the time of pay-

¶ 1. See Frauds, Statute of, vol. 23, Cent. Dig. §§ 16, 216–218; Guaranty,
vol. 26, Cent. Dig. § 10.

ment of the note guarantied its payment; that no part has been paid, except the sum of $190.62, interest thereon from January 5, 1898; that payment had been demanded by the plaintiff; and that the defendant has refused to pay the same. By the averments of the answer, it is made to appear that the note in suit was given in payment for two other promissory notes executed by the cordage and machine company, for $10,000 each, on the 8th day of October, 1894; that said notes were subsequently taken up by payments thereon, and that two notes (one of $4,500, the note in suit, and one for $2,500) were given for the balance due and unpaid upon the two promissory notes of $10,000 each. The note in suit was payable on demand. Some time after its execution and delivery the plaintiff demanded payment of the maker, and thereupon James D. Leary, deceased, wrote and delivered to the plaintiff a letter, which, it is claimed, constitutes a valid contract of guaranty, and is the contract upon which this action is sought to be maintained against the defendant. The letter bears date October 16, 1897, is addressed to W. D. Himmelrich, president of the plaintiff, and is in the following language:

"The Union Nat. Bank of Lewisburg, Pa., now holds two notes of the John Good Cordage & Machine Co. to the order of John Good,—one for $4,500.00 and one for $2,500. I will be personally responsible for the payment of the two notes, with interest, within a reasonable time, to the Union Nat'n'l Bk. of Lewisburg.
          "Respect. yours,                              James D. Leary."

Thereafter said Leary paid the $2,500 note, and the interest upon the note in suit, but refused upon demand to pay more, and thereupon this action was instituted. The answer, among other things, sets up the statute of frauds. A trial was had, and at the close of the plaintiff's case a motion was made by the defendant to dismiss the complaint upon the ground that the contract of guaranty was void for failure to comply with the provisions of the statute; the particular infirmity being, as claimed, that no consideration was expressed in the contract. This presents the only question in the case.

In the revision of the statute of frauds in 1830, there was inserted a provision that contracts thereunder must contain words "expressing the considerations." The statute so remained in force until 1863. During that period the courts struggled with the question, with varying results, as to whether, under the amendment, it was permissible to imply or "spell out" an inference of consideration from the language used where it was not expressed in terms. Church v. Brown, 21 N. Y. 315. These words of the statute were omitted by an amendment in 1863. Thereunder it was held that, by virtue of the amendment, it was no longer necessary that a contract of guaranty should express the consideration, either expressly or by inference, and that it could be proved by evidence aliunde the instrument. Speyer v. Lambert, 31 N. Y. Super. Ct. (1 Sweeny) 335. The supreme court, however, in Castle v. Beardsley, 10 Hun, 343, refused to adopt this construction of the statute; holding, in a well-considered opinion by Talcott, J., that the effect of the amendment of 1863 was to substantially restore the statute as it had existed from the time of Charles II; that the construction to be given was such as had obtained prior

to the amendment which required the consideration to be expressed in words, or be fairly inferable therefrom. This construction was approved by the court of appeals, and has been uniformly followed since that time. Barney v. Forbes, 118 N. Y. 580, 23 N. E. 890, and cases cited; Brumm v. Gilbert, 50 App. Div. 430, 64 N. Y. Supp. 144. Nothing contained in Bradt v. Krank, 164 N. Y. 515, 58 N. E. 657, 79 Am. St. Rep. 662, conflicts with these decisions. Its statement is to be construed in connection with the prior determination of the court of appeals, and the settled rule of law upon that subject. Therein it was held that the consideration must exist and be proved before a recovery could be had. This simply announced the doctrine which had before obtained. The court held that the instrument there under consideration, and the circumstances attending its execution and delivery, were sufficient to infer from the instrument itself a consideration for the promise. In arriving at a correct construction of the instrument, all of the facts and circumstances connected with its delivery, the reasons therefor, and the purpose to be accomplished, may be shown by oral proof. Coe v. Tough, 116 N. Y. 273, 22 N. E. 550; Barney v. Forbes, supra. Applying this rule of law to the instrument in question, it appears by the answer of the defendant that an agreement was made between James D. Leary, deceased, and Himmelrich, that each would pay one-half of the amount of the notes, and interest thereon, and receive in payment therefor bonds of the. John Good Cordage & Machine Company, and that thereafter the said James D. Leary, deceased, paid the note of $2,500 and interest, and interest on the note for $4,500 to the 5th day of January, 1898. It was disclosed by the proof that, pursuant to this arrangement, the guaranty in question was executed and delivered. The proof also disclosed that, as a result of the execution and delivery of the guaranty, the plaintiff forebore, in consideration thereof, the enforcement of payment of the note, and held the same, relying upon the guaranty. The language of the guaranty contemplates that such would be the result of its execution and delivery. The promise is not to pay at once, but within a reasonable time, and, in order to give force and effect to such language, an extension of time was necessary for a reasonable period; and that both parties so understood this to be the effect of the agreement is made evident by this fact that the plaintiff forebore to collect, and the deceased, acting upon the liability which he had assumed, subsequently paid one note, and interest upon the other. The language of the instrument of guaranty, therefore, fairly gives rise to the inference that the consideration for its execution was the agreement to forbear the enforcement of the notes for a reasonable time. That such an agreement furnishes a sufficient consideration to establish liability under a guaranty is settled by authority. Strong v. Sheffield, 144 N. Y. 392, 39 N. E. 330; Porter v. Thom, 30 App. Div. 363, 51 N. Y. Supp. 974; Green v. Odell, 43 App. Div. 494, 60 N. Y. Supp. 78.

In this view of the case, it necessarily follows that a cause of action against the said defendant James D. Leary, deceased, was established. It was therefore error to dismiss the complaint.

The judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event.

VAN BRUNT, P. J., and O'BRIEN and McLAUGHLIN. JJ.. concur.

INGRAHAM, J. (dissenting). I agree with Mr. Justice HATCH as to the legal rules applicable to the determination of this question, but dissent from his conclusion that the language of the instrument of guaranty gives rise to the inference that the consideration for its execution was an agreement to forbear the enforcement of the notes for a reasonable time. In the first place, there was no proof of such an agreement. When this guaranty was given, the notes were due, and the plaintiff could have proceeded against those liable upon them to collect the amount due. Himmelrich, to whom the letter guarantying the payments of the notes was written, was the president of the plaintiff, and it seems to have been the object of the defendant's intestate to protect him from blame because he, as president of the bank, had discounted these notes. There had been an understanding between Leary, the defendant's intestate, and Himmelrich, that each was to pay one-half of these notes to the bank; but I can find no evidence to justify a finding that there was any agreement between the plaintiff and either Leary or Himmelrich to suspend the right to enforce these notes, or that the plaintiff did suspend the collection of the notes upon this promise. By this instrument of guaranty, Leary agreed that he would be responsible for the debt of another, which was then due and payable to the plaintiff. There was no proposal in the letter of guaranty that the bank should suspend the collection of the notes which were accepted by the bank,—nothing but the naked promise to pay the notes within a reasonable time; and if there is any force in the rule, which I understand is conceded to be established in this state, that an instrument of guaranty must contain, either expressly or inferentially, a consideration, it seems to me that this instrument fails to comply with the statute, and is void.

I think the judgment should be affirmed.