## WINNE v. MEHRBACH.

(Supreme Court, Appellate Division, Third Department. January 22, 1909.)

1. FRAUDS, STATUTE OF (§ 16*) — PROMISE TO ANSWER FOR DEBT OF ANOTHER—COLLATERAL PROMISE.

A stockholder in a company not being individually liable for its debts, his promise to make good what the company should owe a third person and not pay imposed only a collateral liability as surety for the company, and was within the statute of frauds.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. § 26; Dec. Dig. § 16.*]

2. FRAUDS, STATUTE OF (§ 113*)—PROMISE TO ANSWER FOR DEBT OF ANOTHER—SUFFICIENCY OF WRITING.

A collateral promise to answer for the debt of another to satisfy the statute of frauds must express the whole contract, and the consideration must be either expressed or fairly inferred therefrom.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. § 240; Dec. Dig. § 113.*]

3. GUARANTY (§ 16*)—CONSTRUCTION OF CONTRACT.

The president of an ice company bound himself in writing to "guarantee and agree to make good the accounts between" W. and the Ice Company "for ice whatever the company will be short." *Held*, that from the writing the consideration could fairly be inferred that W. was to continue furnishing ice to the company, which would be sufficient to support the guaranty of future accounts, but that, being the only consideration, it was not sufficient as a guaranty of past accounts.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. §§ 14–17; Dec. Dig. § 16.*]

Chester, Kellogg, and Sewell, JJ., dissenting in part.

Appeal from Special Term, Albany County.

Action by Willis A. Winne against Solomon Mehrbach. Judgment for plaintiff, and defendant appeals. Modified and affirmed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Jellenik & Stern (Nathan D. Stern, of counsel), for appellant.
Ward & Cameron (Walter E. Ward, of counsel), for respondent.

SMITH, P. J. The action is brought to recover upon the defendant's guaranty of certain accounts between the plaintiff and the Co-operative Ice Company, of which the defendant was the president. The guaranty is in form as follows:

"Sept. 8, '03.

"I hereby guarantee and agree to make good the accounts between W. A. Winne and the Co-operative Ice Company for ice whatever the company will be short.       "S. Mehrbach."

It appears in the case that at the time this guaranty was given the plaintiff was furnishing ice to the Co-operative Ice Company; that for the ice already furnished the Co-operative Ice Company was owing the plaintiff the sum of $3,134.87; that at that time the defendant was under an oral promise to guarantee accounts that the ice company should run with the plaintiff. It further appears that after the signing and delivery of this guaranty the plaintiff continued to furnish

ice to the Co-operative Ice Company to the amount of $7,192.81. Thereafter the Co-operative Ice Company went into bankruptcy. At the request of the defendant the plaintiff's claim was filed with the trustee in bankruptcy, and the judgment represents the whole amount due, after allowing for the dividend received from the trustee in bankruptcy.

The sole defense rests upon the statute of frauds. We cannot agree with the learned referee that this writing can in any event be construed to be an original contract. Whatever may have been the interest of the defendant as a stockholder in the Co-operative Ice Company, he was not individually liable for its debts. His assumption of liability by the contract in question was only of a collateral liability as surety for the nonpayment by the ice company. The contract, therefore, was clearly one contemplated by the statute of frauds, and unless it meets the requirements of that statute the defendant must prevail in this action.

The authorities all agree that the writing must express the whole contract. The consideration of the contract must be either expressed or fairly inferred therefrom. In Seymour v. Warren, 179 N. Y. 3, 71 N. E. 261, the rule is thus stated:

"No particular form of words is necessary to be used for expressing the consideration. It is enough if from the whole instrument the consideration appears in express terms, or by fair and necessary inference. As a general rule the statute is satisfied when the memorandum shows with reasonable clearness that the defendant's promise is designed to procure something to be done, forborne, or permitted by the party to whom it is made, either to or for the promisor or a third party. (Citing authorities.) Where the language of the instrument is such as to warrant the inference that the consideration rests upon mutual promises, the writing satisfies all the requirements of the statute."

Upon page 5 of 179 N. Y., and page 261 of 71 N. E., the opinion further reads:

"The terms of the written instrument are to be construed and understood in the light of all the surrounding circumstances. Waldron v. Willard, 17 N. Y. 468. When the situation of the parties is understood in this case, and the subject-matter of the transaction is considered, it is not difficult to draw the inference from the paper to the effect that the owner consented that the defendant should collect the rents of the property and apply them in the manner stipulated on their part. There is no better way to ascertain the meaning and construction of a written instrument than to look at the acts and conduct of the parties under it. Woolsey v. Funke, 121 N. Y. 87, 24 N. E. 191; Insurance Co. v. Dutcher, 95 U. S. 269, 24 L. Ed. 410; Nichol v. Sands, 131 N. Y. 19, 29 N. E. 818."

In Union National Bank v. Leary, 77 App. Div. 332, 79 N. Y. Supp. 217, the language of the guaranty was in this form:

"The Union National Bank of Lewisburg, Pa., now holds two notes of the John Good Cordage & Machine Company, to the order of John Good, one for $4,500 and one for $2,500. I will be personally responsible for the payment of the two notes, with interest, within a reasonable time to the Union National Bank of Lewisburg. Respectfully yours, James D. Leary."

An action upon this guaranty was defended on the ground that the consideration was not stated within the requirement of the statute of frauds. It was there held that the consideration was sufficiently stat-

ed, as there was reasonably inferred an agreement to delay enforcement for a reasonable time. At the Trial Term the paper had been held insufficient within the statute. This holding was reversed, and a new trial ordered. That case was again tried, and upon appeal came before the Appellate Division, and the decision is reported in 95 App. Div., at page 381, 88 N. Y. Supp. 652, where the rule stated upon the former appeal was adhered to and this decision was affirmed by the Court of Appeals in 183 N. Y., at page 546, 76 N.. E. 1111. In the opinion in 95 App. Div., 88 N. Y. Supp., the rule is stated:

"That in arriving at a correct construction of the contract all of the facts and circumstances attendant upon its delivery, the reasons thereof, and the purposes sought to be accomplished could be shown."

We are led by these authorities to conclude that from the paper the consideration may fairly be inferred that the plaintiff was to continue furnishing ice to the Co-oerative Ice Company. The paper speaks of the accounts of the parties. The shortage guaranteed is to the extent that "the company will be short." Thereafter the plaintiff continued to furnish ice to the Co-operative Ice Company, of which the defendant, its president, is presumed to have knowledge. While we find in the paper an expressed consideration as to the future accounts, we are unable to find expressed therein a consideration for the guaranty of past accounts. The agreement by plaintiff to furnish ice in the future at a reasonable price is no consideration for an agreement to pay a debt of another already due. Pheiffer v. Adler, 37 N. Y. 164; Belknap v. Bender, 75 N. Y. 446, 31 Am. Rep. 476.

The judgment should therefore be modified by striking therefrom so much as represents the indebtedness due at the date of the signing of the guaranty, and, as so modified, affirmed, without costs to either party.

Judgment modified, as per opinion, and, as modified, affirmed, without costs to either party. COCHRANE, J., concurs. CHESTER, J., votes for affirmance. KELLOGG and SEWELL, JJ., vote for reversal.