(159 App. Div. 382.)

AMERICAN WOOLEN CO. OF NEW YORK v. MOSKOWITZ et al.

(Supreme Court, Appellate Division, First Department. December 5, 1913.)

1. GUARANTY (§ 6*)—WRITTEN GUARANTIES—FORM AND CONTENTS.

A letter written a seller of goods, stating that the writers agreed to guarantee the account of the buyer, was not merely an offer of a guaranty, but when accepted and acted upon was a binding obligation.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. § 8; Dec. Dig. § 6.*]

2. GUARANTY (§ 7*)—ACCEPTANCE—NOTICE OF ACCEPTANCE.

Where defendants wrote plaintiff a letter agreeing to guarantee the account of one desiring to buy goods from plaintiff, and in reliance thereon plaintiff sold and delivered such goods, the guaranty was thereby accepted without notice to defendants of the acceptance.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. § 9; Dec. Dig. § 7.*]

3. GUARANTY (§ 6*)—REJECTION—REQUEST FOR FORMAL GUARANTY.

A guaranty of an account for goods which a third party desired to buy from plaintiff, contained in a letter, was not rejected by requesting a

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

formal guaranty containing additional provisions, which was not given, where the guaranty contained in the letter was accepted and the goods sold in reliance thereon.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. § 8; Dec. Dig. § 6.*]

4. APPEAL AND ERROR (§ 1056*)—HARMLESS ERROR—EXCLUSION OF EVIDENCE.
In an action on a guaranty contained in a letter, the exclusion of a copy of a formal guaranty, which plaintiff requested defendants to execute, but which contained nothing requiring a different decision, was not prejudicial to defendants.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4187–4193, 4207; Dec. Dig. § 1056.*]

Appeal from Appellate Term, First Department.

Action by the American Woolen Company of New York against Harry Moskowitz and another. From a determination of the Appellate Term (140 N. Y. Supp. 522) reversing a judgment of the City Court in favor of plaintiff, and an order denying a new trial, and directing a judgment for defendants, plaintiff appeals. Determination of Appellate Term reversed, and judgment of City Court affirmed.

See, also, 156 App. Div. 943, 141 N. Y. Supp. 1107.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

Ralph Wolf, of New York City (Edwin D. Hays, of New York City, on the brief), for appellant.

Otto C. Sommerich, of New York City (Maxwell C. Katz, of New York City, on the brief), for respondents.

LAUGHLIN, J. [1-3] The recovery in the City Court was upon a written guaranty in the form of a letter from the defendants to the plaintiff under date of March 4, 1907, the body of which is as follows:

"We agree to guarantee the account of N. Mittelman & Co., of 725 Broadway, N. Y. City, for the sum of $1,000, for one year from date."

The answer put in issue the allegations of the complaint with respect to the execution of the guaranty and the sale and delivery of goods in reliance thereon, and for a separate defense alleged that the guaranty was not in writing.

The plaintiff showed that the firm of N. Mittelman & Co. applied to it to purchase goods on credit, and that it requested a guaranty, and the firm agreed to give a guaranty executed by defendants; that thereafter the guaranty was received by plaintiff through the mail and examined and initialed by its creditman and indorsed, "Received Mar. 5, 1907, Mailing Dept.," and filed away; that the plaintiff decided to extend credit on the strength of the guaranty and relying thereon sold and delivered goods to said firm of N. Mittelman & Co., for which payment had not been made of the amount and value for which a recovery was had, the orders for which goods were given during the year covered by the guaranty, although some of the deliveries were not made until shortly after that period.

The defendant showed, on cross-examination of plaintiff's credit-

man, that on receipt of the guaranty on which the action is based he, being desirous of having the defendants execute a more formal guaranty, sent them one by mail for execution, saying, in a letter written in the name of the firm accompanying it:

"We are inclosing a form of guaranty which kindly sign and witness by a notary, and return to us."

The defendants received the letter and inclosure, but neither executed the formal guaranty nor communicated with the plaintiff concerning the same and concerning the former guaranty. The plaintiff, without further action, extended the credit. The formal guaranty which the plaintiff thus requested the defendants to execute was for the same amount and the same period; but in addition it recited a consideration of one dollar and contained a waiver of notice of the condition of the account of N. Mittelman & Co. and a waiver of notice of nonpayment and of a demand. The defendants are brothers, and one of the firm of N. Mittelman & Co. was their brother, and the other member of that firm was their brother-in-law.

The theory on which the learned Appellate Term reversed the judgment and, in effect, dismissed the complaint, is that defendants' letter was merely an offer of a guaranty and was not accepted. We are of opinion that the letter was something more than an offer of a guaranty, and that it was accepted by the sale and delivery of goods in reliance thereon, and that thereupon it became a binding obligation without notice to defendants of its acceptance. Winne v. Mehrback, 130 App. Div. 329, 114 N. Y. Supp. 618; Corn v. Bergmann, 138 App. Div. 260, 123 N. Y. Supp. 160; Disken v. Herter, 73 App. Div. 453, 77 N. Y. Supp. 300. The request for the execution of a formal guaranty containing additional provisions did not, in and of itself, constitute a rejection of the guaranty which the plaintiff had received and retained and decided to accept by extending the credit. Doubtless there would be no liability if, as in the case of Kamber v. Rosen, 98 N. Y. Supp. 839, the plaintiff had returned the letter or had notified defendants that it would not extend the credit unless the more formal guaranty was executed.

[4] Although the trial was before the court and jury, at the close of the evidence the facts were determined by the court and a verdict directed for the plaintiff without objection or exception. The defendants destroyed the formal guaranty which plaintiff requested them to execute. The court did not receive in evidence an alleged copy thereof, but permitted it to be marked for identification, and it is in the record. The failure of the court to receive it in evidence affords no basis for interfering with the judgment, since there is nothing in the exhibit so marked for identification which, if it had been received in evidence, would require a different decision.

It follows that the determination of the Appellate Term should be reversed, with costs, and the judgment of the City Court affirmed, with costs. All concur.