## J. I. CASE CO. v. LAUBHAN.
### No. 4322.

Court of Civil Appeals of Texas. Amarillo.
Dec. 17, 1934.

Reeder & Reeder, of Amarillo, for appellant.

E. C. Gray, of Higgins, for appellee.

JACKSON, Justice.

The appellant instituted this suit in the county court of Lipscomb county to recover on a contract by the terms of which appellee guaranteed the payment of a certain note.

On June 14, 1927, August H. Riffel executed the note involved, payable to appellant on or before July 15, 1928, for the sum of $625, bearing interest at 8 per cent. per annum until maturity and 10 per cent. per annum thereafter and containing the usual attorney's fee clause. The note was credited with payments aggregating $494.33. The contract sued on was written on the back of the note and pro-

vided: "For value received I guarantee payment of the within note and waive presentment, demand, protest and notice of nonpayment and all defenses of want of diligence in collection and bringing suit and consent to any change of securities and that said note may be renewed or extended from time to time at an increased rate of interest without notice to me and hereby waive all rights to any mortgage security held for the payment of said note until all indebtedness secured by such mortgage is fully paid."

The appellee filed a plea to the jurisdiction, general denial, and alleged that on June 14, 1927, he was a dealer selling combines and farm implements of appellant, and as such dealer and agent sold a combine to August H. Riffel, who, as part of the consideration therefor, executed his two notes, each in the sum of $625, payable to appellant. That some time after appellant had accepted said notes he signed the guaranty contract, but no consideration moved to him and there was a total failure of consideration for such guaranty contract. That at the time of the execution of said contract appellant's duly authorized agent represented to him that when the first of said notes had been paid he would be released from all further obligation. That said first note had been paid and he was not liable on the guaranty contract.

That about November 20, 1928, August H. Riffel executed a renewal mortgage to secure the payment of the note involved and included therein additional property. That appellant accepted such renewal mortgage in payment of the note, but if it did not, in any event the value of the property mortgaged would have satisfied the note but for appellant's failure to exercise diligence in the collection thereof.

That about October 20, 1931, the appellant, through its duly authorized agent, authorized August H. Riffel to exchange the combine on which it had a lien, for another machine. That such exchange was made without the consent of appellee and said combine when so exchanged was of the value of $400, which, if applied thereo, would have discharged appellant's debt.

As a cross-action appellee alleged that under his contract as dealer and agent he was entitled to a commission of 10 per cent. of the amount of the sale and appellant is due him a balance of $62.50 on such commission, for which he asks judgment.

In response to special issues, the jury found, in substance, that appellee did not sign the note as guarantor at the time and place that it was executed by August H. Riffel and

that appellee received no consideration for signing the guaranty contract. That appellant, through its agent, agreed with appellee that when the first note was paid he would be released from liability on the second note and that appellee was entitled to a balance of $49.53 on his commission for selling the combine. That appellant knew that August H. Riffel had disposed of said combine and made no effort to recover the machine or its value.

The issue submitted for the purpose of having the jury determine the value of the combine at the date it was disposed of by August H. Riffel was not answered by the jury.

On these findings, judgment was entered that appellant take nothing by its suit and that appellee have and recover the sum of $49.53 with interest, costs, etc.

The plea to the jurisdiction of the court urged by appellee was correctly disposed of on a former appeal of this case. J. I. Case Co. v. Laubhan (Tex. Civ. App.) 64 S.W.(2d) 1079.

Appellant alleged, and the uncontroverted testimony shows, that August H. Riffel, the principal obligor, was not a resident of Texas and had defaulted in the payment of the note.

The contract sued on was a "guaranty of payment"—an "absolute guaranty"—conditioned solely on the default of the principal obligor. Under this record appellee's liability did not depend on the exercise by appellant of reasonable diligence to enforce payment against the principal, nor to subject mortgaged property to the payment of its debt. 21 Tex. Jur. 146, § 13; 147, § 14; Austin, Banking Commissioner, et al. v. Guaranty State Bank (Tex. Civ. App.) 300 S. W. 129; Ganado Land Co. v. Smith et al. (Tex. Civ. App.) 290 S. W. 920.

Appellant excepted to the allegation in the answer pleading, in substance, that the agent of appellant represented to appellee that when the first note was paid he would be released from further obligation, and also objected to the admission of all the testimony introduced tending to prove such allegation. The exception to the pleading and the objection to the testimony should have been sustained.

"Where parties have reduced to writing that which appears upon its face to be a complete and certain agreement, importing a legal obligation, the court will, in the absence of fraud, accident or mistake, conclusively presume that the writing contains the whole

agreement between them; and parol evidence of prior or contemporaneous negotiations, conversations, representations or statements, will not be received for the purpose of adding to or varying the written instrument. Under this rule it is not permissible to show that an oral agreement was made at the time of the execution of a writing that the instrument should have another or different effect than that imported by its terms." 17 Tex. Jur. 794, § 354.

This text is supported by an unbroken line of authorities. Belcher v. Mulhall & Scaling, 57 Tex. 17; Texarkana & Ft. S. Ry. Co. v. Brass (Tex. Com. App.) 260 S. W. 828; Smith v. Hampton (Tex. Civ. App.) 42 S.W. (2d) 466.

■ Appellee's plea of failure of consideration depended on his establishing the allegation in his answer that he signed the guaranty contract after appellant had accepted the notes of August H. Riffel in payment for the combine.

The finding by the jury that he did not sign the guaranty contract at the time and place that the note was executed by the principal obligor does not establish such allegation.

■ The testimony of appellee is that he was a dealer for appellant in selling combines and other farm implements. That he, with the assistance of another agent, made this sale. That under his contract as dealer he received 10 per cent. commission on sales made by him if the appellant accepted the obligation of the purchaser; but that he received 20 per cent. commission where he guaranteed the payment of the obligations of such purchaser. He testified that he "signed up ten or more days later. When they did not accept Riffel's paper, I signed it." The issue as to when he signed the contract is controverted, but his statement that he signed the guaranty when appellant refused to accept Riffel's paper is not disputed. These facts show a valuable consideration.

■ The court committed error in permitting the introduction, over appellant's objection, of the chattel mortgage certified to by the county clerk of Ellis county, Okl., because the certificate thereto was not properly authenticated under section 688 of title 28, US CA.

■■ As a general rule, it is error for an attorney to advise the jury how to answer special issues in order for his client to obtain a verdict, and attorneys should not go beyond the bounds of legitimate argument in presenting a case to the jury.

Inasmuch as the case must be reversed, it is unnecessary to discuss the other assignments, as they will doubtless be eliminated on another trial.

The judgment is reversed, and the cause remanded.