**KEATON et al. v. VESTAL.**

**No. 3041.**

Court of Civil Appeals of Texas. Waco.
Sept. 25, 1952.

Rehearing Denied Oct. 16, 1952.

Bowlen Bond, Teague, for appellants.
Williford & Reed, Fairfield, for appellee.

HALE, Justice.

Appellants, W. L. Keaton and others, doing business as Crystal Ice & Locker Storage, sued appellee, Ray Vestal, in the county court of Freestone County on a sworn account for $438.78. Appellee denied under oath that the account was just or true, either in whole or in part, and alleged that the balance due and owing thereon, if any, was not his obligation but was the debt of A. C. Colwell. By way of cross-action he sought recovery against appellants for an alleged over-payment of the account in the sum of $497.81. The case was tried without a jury and resulted in judgment denying any recovery to appellants and awarding $15.22 to appellee on his cross-action. Under appropriate points in their brief appellants say the judgment of the trial court is erroneous because the undisputed evidence shows as a matter of law that appellee is justly indebted to them on the account in the amount for which they sued.

The evidence shows without dispute that appellants were engaged at all times material to this suit in the business of selling fresh meat at wholesale in the town of Fairfield, Texas. Appellee was interested in the operation of two grocery stores in Fairfield, one being conducted under the name of Vestal & Son and the other under the name of Vestal & Colwell. About March 1, 1949, appellee arranged with Colwell to operate the Vestal & Colwell Store with the understanding that the two men would share equally in the net profits to be derived from such operation. The open account herein declared upon was for meat which appellants sold and delivered to Vestal & Colwell from March 1, 1950, to August 14, 1950, when the store being operated under that firm name, by reason of its unsuccessful operation, was closed.

Upon the trial of the case appellants introduced in evidence 109 original delivery slips made by them and their agents showing in detail the quantity, description and price charged for meat delivered by them to Vestal & Colwell on various dates from March 1, 1950, to August 8, 1950, inclusive. They also introduced in evidence 14 original credit slips showing the several amounts paid on the account at various dates subsequent to March 1, 1950. The total amount of charges evidenced by the delivery slips was the sum of $3,401.89 and the total

amount shown by the credit slips was the sum of $2,965.11, thus leaving a balance due and unpaid on the account in the sum of $436.78. W. L. Keaton testified without dispute that a carbon copy of each delivery slip was furnished to Colwell at the time the delivery was made, that each slip correctly showed the merchandise actually delivered to Vestal & Colwell, that the price charged was the usual and customary price for such merchandise in Fairfield at the time it was delivered and that the credit slips showed all payments made by Vestal & Colwell for such merchandise. We find no evidence whatsoever which in our opinion shows or in anywise tends to show that any item of debit or credit as testified to by Keaton and as shown by the original delivery slips and credit slips introduced in evidence was incorrect. Therefore, we think the undisputed evidence shows conclusively that there was a balance due and owing on the account in the sum of $436.78 at the time the case was tried.

The trial court did not file any findings of fact or conclusions of law and consequently we do not know upon what theory the judgment was based. However, appellee says the judgment should be affirmed because the evidence was sufficient to show that appellants breached their obligation to notify him, as they had agreed to do, that Colwell had fallen behind in the payment of the account at the end of each month from March 1, 1950, until the store was closed. He also asserts in his brief that the evidence was sufficient to show that a payment was made on the account on February 10, 1950, in the sum of $497.46 for which no credit was given. We can not agree with either of these contentions.

Even though the disputed evidence was sufficient to support an implied finding to the effect that Keaton agreed on behalf of appellants to notify appellee in the event Colwell should fail to pay the account in full at the end of each month, we do not think their failure to do so would constitute any defense on behalf of appellee against his liability for the debt sued upon. The undisputed evidence shows that appellee and

Colwell were partners in the operation of the store known as Vestal & Colwell and hence they were each and both liable, jointly and severally, for the debts of the partnership. Holliday v. Taylor, Tex.Civ.App., 249 S.W.2d 941 and authorities. In the exercise of ordinary care and diligence appellee could and should have known that Colwell was falling behind in the payment of the monthly bills being incurred in the operation of the store, regardless of whether appellants did or did not notify him in person. Since the partnership received the benefits arising from the account, we see no reason why each partner should not be held liable to appellants for the balance due thereon.

Although the evidence shows that Vestal & Colwell made a payment of $497.81 to appellants on February 10, 1950, there was no evidence of probative force showing that such amount was not then due and owing for meat theretofore sold and delivered to them by appellants. Colwell testified in substance that the payment of $497.81 which was made on February 10, 1950, was for merchandise already received from appellants and that so far as he knew the account sued upon was correct. Appellee admitted as a witness upon the trial that he did not know whether he owed appellants anything on this account or not, his testimony being in part as follows: "I don't know whether I owe Keaton (meaning appellants) any money on this account or not. I did swear to that in the answer that you have in this case which was filed in my behalf before H. D. Reed, Jr., which states that the account which is the foundation of plaintiffs' action is wholly not just or true. I could not say whether I owe the Crystal Ice & Locker Storage any or not. I just don't know."

Because we have concluded that appellee is legally liable to appellants for the balance due on the account sued upon, the judgment appealed from is reversed and judgment is here rendered in favor of appellants against appellee for the sum of $436.78, with interest thereon at the rate of 6% per annum from January 1, 1951, until paid, together

with all costs of court in this behalf incurred, and that appellee be denied any recovery on his cross-action against appellants.

LESTER, C. J., took no part in the consideration or disposition of this case.