**George S. McGHEE, Appellant,**

v.

**WYNNEWOOD STATE BANK, Appellee.**

**No. 15158.**

Court of Civil Appeals of Texas. Dallas.

Nov. 16, 1956.

Rehearing Denied Jan. 4, 1957.

## 878

Rachael & Smith, Jerome Chamberlain, Dallas, for appellant.

Wynne & Wynne, Clarence A. Abramson, Dallas, for appellee.

CRAMER, Justice.

This was an action by appellee against James D. Wolfe and Ray Compton, d/b/a Banner Motors, for amounts due on two two notes signed "Banner Motors by Jim D. Wolfe" payable to the Bank in the principal sum of $1,600 dated April 28, 1954 and $3,783.60 dated May 7, 1954; and also against appellant McGhee on a written

guarantee dated April 28, 1954, in words and figures as follows:

"For the sum of one dollar and other valuable considerations, I, we, and all of us, hereby jointly and severally promise to pay to Wynnewood State Bank, Dallas at its office in the city of Dallas, Texas, any and all indebtedness which James D. Wolfe and Ray Compton, dba Banner Motors (or any of them) now owes aforesaid Bank, or may at any time hereafter owe said Bank, whether such indebtedness be joint or several, primary or secondary, contract or tort; this obligation to be a continuing promise, and to apply to all obligations now in existence or hereafter owing as the same arise. We hereby join in any request that may be made for indulgence or extension of any present or future indebtedness. We waive diligence, presentment, notice, protest and suit, on the part of the Bank in the collection of any indebtedness, and agree that the Bank shall be under no obligation to notify us of its acceptance of this guarantee, nor of any advances made or credit extended, nor of the failure of the aforesaid debtor to pay any indebtedness. We agree that said Bank may, without notice to us, make any changes whatsoever in any indebtedness owing to it or in terms of payment, and may release or exchange collateral or other security.

"Provided, however, we shall not be required to pay under this guarantee an aggregate sum of more than $10,000.00, Ten Thousand & No/100 Dollars, which sum, when paid by us, may be applied by the Bank, at its discretion, upon any indebtedness above mentioned, and shall discharge this obligation.

"This guarantee is to apply only to automobiles. Witness Our Hands This 28th day of April, 1954. /s/ Geo. S. McGhee."

The record shows that at the time of the execution of the guarantee there was in full force and effect a former guarantee dated

September 23, 1953, in the identical language and on the same form, in the principal sum of $15,000, $5,000 more than the 1954 guarantee, and that the 1953 guarantee was cancelled as a part of the transaction. The balance due on the principal of the two notes was $600 and $2,879.85, each plus interest, etc.; and the makers and endorsers had not, after demand, paid such balances. Demand was then made on McGhee, as Guarantor, and after he made partial payments thereon and had thereafter refused to make further payments, this suit was filed.

All parties were properly before the trial court, with the exception of James D. Wolfe, personally. Wolfe, however, was before the court in so far as partnership assets were concerned as a member of the partnership, Banner Motors; the Bank having named the partnership, and Wolfe and Compton as the partners composing such partnership, and had secured a citation on the partnership and Compton.

George S. McGhee answered by general denial and that he did not execute either of the notes sued on and was not liable on either of them; that the $1,600 note was executed during the period of time a guarantee dated September 23, 1953 was in effect and which ran until April 28, 1954; therefore the amount sued on was under the express terms of the 9–23–53 guarantee; that under the express terms of the 9–23–53 guarantee it was provided that McGhee was to OK all purchases by phone or letter, which had not been complied with; and further that at the time he executed the guarantee sued on, "he was not informed by the plaintiff that such purchase of said Olds and Buick cars had been made and that the defendants, Jim D. Wolfe and Ray Compton doing business as Banner Motors were going to immediately on the same date to-wit, April 28th, 1954, execute the said note dated April 28, 1954, for a principal sum of $1,600.00 to cover said purchases; being purchases of which he had no notice and which he had not O.K.'d

or approved; That withholding such information amounts to fraud in the inducement, in that he was induced to sign and execute said Guarantee dated April 28th, 1954 by plaintiff withholding from him the material facts about said purchases, which information was material to the provisions of said Guarantee dated April 28th, 1954; that withholding said material information was deliberate and was so withheld with the intent that he would be, without such material information, induced to sign the new Guarantee dated April 28th, 1954, which did not expressly provide that before he would be liable as Guarantor he would be notified and must expressly OK the purchases." That if he had been given such information he would not have executed said new guarantee which was obtained through fraud and he is not liable therefor.

He also pled that he was not liable on the $3,783.60 note for the reason that said note represents the sum of various balances due and unpaid on notes previously given for purchases of cars during the period of time in which the guarantee of September 23, 1954 was in effect, which guarantee expressly provided that this defendant should OK the purchases before he would be liable for loans to cover same; that he was not given any notice and did not OK or approve any of the purchases for which the notes were given, which notes, or balances due thereon, were carried forward and renewed by the $3,783.60 note. Further pled that the two Guarantees were each given under the plan of financing commonly called a "Floor Plan," and such plan required that each of the automobiles purchased must be brought to and placed upon the floor or lot of the Banner Motors and that a substantial portion of the balances upon said notes of April 28, 1954 and May 7, 1954, represents loans made by plaintiff to Banner Motors for automobiles purchased but never brought to or placed upon the floor or lot of Banner Motors; that such failure was a breach of the contract between the Bank, James D. Wolfe, Ray

Compton and this defendant. That this defendant in no wise had a part in such breach but that the plaintiff and Wolfe and Ray Compton each had knowledge of and participated in said breach of contract, and by reason thereof this defendant is not liable for any amount sued for, which amount represents loans made for the purchase of automobiles never brought to the floor or lot of said Banner Motors.

By trial amendment McGhee further alleged that the Bank held an Automobile Policy, No. 316,417, issued by Insurance Company of Texas to Jim Wolfe, dba Banner Motors, and purchased by Wolfe with funds loaned to him by the Bank on notes, the unpaid balances on said notes being the debts and obligations sued on herein; that the Bank held a combination Automobile Insurance Policy naming Jim Wolfe, dba Banner Motors, as insured, with loss payable clause to the Bank, which policy was effective from November 23, 1953 to November 23, 1954; said policy covering fire and theft of the automobiles here involved; that the Bank failed and refused to attempt to make or enforce a claim for its loss under said policy and thereby recover all or a part of the losses under said policy; and that such failure and refusal was a breach of duty imposed on the Bank and owed to McGhee as Guarantor; and that by reason of such action he is released and discharged from all liability on such guarantee; that the Bank is also estopped from enforcing any liability under such facts; and, in the alternative, for judgment over against Wolfe and Compton dba Banner Motors.

On trial to a jury, after appellant's motion for instructed verdict or in the alternative for an order dismissing the Bank's cause of action for lack of sufficient evidence, had been overruled, the jury found, in answer to special issue No. 1, that none of the indebtedness in question was incurred on purchases made before April 28, 1954, the date the second Guarantee Agreement was signed by Mc-Ghee. Issue 2 was not answered, under the court's instruction.

From the judgment based on the verdict and the trial court's implied findings, appellant McGhee has duly perfected this appeal, here briefing twelve points of error.

Points 1 and 2 briefed together assert error: (1) In overruling his "motion or application in bar to the trial of the cause, or in the alternative to defer the trial." (2) In "granting the judgment since there was no evidence or proof for the trial court to make a finding that 'the whereabouts of the defendant, James D. Wolfe, was not able to be discovered by reasonable diligence and service was not able to be perfected upon him.' "

These points are countered that: (1) There was no error (a) in overruling the plea in abatement since "The absent obligor's whereabouts was unable to be discovered by reasonable diligence"; and (b) "Joinder of one partner was sufficient to join the partnership which was the primary subject of the guaranty in question." (2) The judgment recital that the whereabouts of the defendant Wolfe " * * * was unable to be discovered by reasonable diligence is conclusive against the appellant."

The motion in bar or to postpone the trial involves the question of whether the recital in the judgment that the whereabouts of Wolfe was unable to be discovered by reasonable diligence, and service was not able to be perfected against him, is supported by the record here. There is nothing in the statement of facts showing that evidence was heard, either to support or refute such recital in the judgment. The transcript, however, shows the only judgment therein was a "corrected" judgment. There is no bill of exceptions in the record, or separate statement of facts containing the evidence, if any was heard; or to show what occurred at the time of the rendition of the corrected judgment. The transcript does show that the corrected

judgment was signed and entered December 2, 1955, and the motion for new trial acted on by the court was filed December 8th.

■ Without a bill or other showing of what occurred at the time of the entry of the corrected judgment which included the finding involved here, we must presume that the trial court had before him at the time of the entry of such judgment a proper basis for the recitation in his judgment. Under such circumstances points 1 and 2 are overruled.

Point 3 asserts error in overruling McGhee's motion for directed verdict, or in the alternative for an order dismissing the Bank's petition for lack of proof. Countered that there was no error in the Court's action because (a) the Bank did not fail to sustain its burden of proof, and (b) the evidence conclusively established the liability of McGhee under his Guarantee of April 28, 1954. The motion for instructed verdict was duly and timely presented and asserted as grounds therefor: "That none of the evidence adduced at the trial showed any obligation or debt to the plaintiff by the defendant, Ray Compton. The only evidence presented to the court concerning any obligation due to plaintiff is contained in plaintiff's Exhibits #3 and #4 to which exhibits the defendant, George S. McGhee, makes full reference; that both these instruments and exhibits appear to be promissory notes made in the name of Banner Motors by James D. Wolfe. These instruments are neither signed nor in any other manner executed by Ray Compton. The only oral testimony concerning any debt owed to plaintiff by Ray Compton came from the mouth of Mr. Comer Bishop, plaintiff's witness who testified that Ray Compton signed only one note that had been held by plaintiff, and that this one note had been fully paid. There was no competent evidence, and the record of the trial is completely void of any testimony that Ray Compton had assumed to pay to plaintiff any obligation owed by either James D. Wolfe, individ-

ually, or doing business under the name of Banner Motors."

The Guarantee signed by McGhee as shown above provided that McGhee agreed to pay the Bank "any and all indebtedness which James D. Wolfe and Ray Compton dba Banner Motors (or any of them) now owes aforesaid Bank, or may at any time hereafter owe said Bank, whether such indebtedness be joint or several, primary or secondary, contract or tort; this obligation to be a continuing promise, and to apply to all obligations now in existence or hereafter owing as the same arise." The record also shows that a similar guarantee had been signed, with a $15,000 limitation, dated September 23, 1953, covering "Banner Motors" without further description and that such guarantee was cancelled at the time the present April 28, 1954 guarantee was signed and the new partnership of Wolfe and Compton was formed.

■ In our opinion the provisions of the second guarantee executed at the time of the formation of the new partnership, considering the setting at that time and the reduction in the penal amount of the first guarantee, etc., were based on sufficient consideration and were broad enough to cover the obligation here sued on. Point 3 is overruled.

■ Point 4 asserts error in the trial court's interpretation of the guarantee of April 28, 1954, in that the court failed to find it to apply only to automobiles bought by the firm of Wolfe & Compton; countered that (a) McGhee's act in voluntarily making payments on the indebtedness with full knowledge of all surrounding circumstances, waived the conditions which he might have asserted under the guarantee and the note sued on; and (b) the trial court did not err in its interpretation of the guarantee of April 28, 1954.

The guarantee here involved, except as to the penal sum and the change from any indebtedness, etc., of "Banner Motors" to "any and all indebtedness of James D.

Wolfe and Ray Compton dba Banner Motors," and the additional typed-in provision "This guarantee is to apply only to automobiles", is the same as the April 28, 1954, guarantee.

There is nothing in the agreement or note which limits the guarantee to automobiles bought by the firm of Wolfe & Compton and "Banner Motors" was the trade name of the business when owned by Basden & McGhee, and also when owned by Wolfe & Compton.

Under such record we find no reversible error in point 4. It is overruled.

■ Points 5 and 6 assert error in granting the judgment (5) because there was no consideration for the guarantee of April 28, 1954, and (6) since the uncontroverted testimony showed the floor plan was not followed by appellee; countered that (a) McGhee's act in voluntarily making substantial payments on the indebtedness in question with full knowledge of the surrounding circumstances resulted in a waiver of any conditions he might have asserted under the guarantee and on the note sued on; and (b) trial court did not err in finding that the Bank fully performed its obligations under the guarantee and notes in question.

The record shows Exhibit P–1, omitting printed heading, was as follows: "April 19, 1954. Wynnewood State Bank, Dallas, Texas. Dear Sirs: Attention Mr. Bishop. Beg to advise that I have sold the lease, name and signs, etc. of Banner Motors to James D. Wolfe and Ray Compton. In the deal, I have agreed to help them with a floor plan at your bank not to exceed Ten Thousand Dollars. I have suggested to the two parties mentioned that they call on you to sign up new papers as Owners of Banner Motors. When they have done this, kindly send me new floor plan guarantee for $10,000.00 as stated above. I think these are two live, energetic young men and feel sure they will make a success of the business. Thanking you very truly, /s/ Geo. S. McGhee."

The guarantee signed thereafter by McGhee was not a floor plan guarantee, but an open guarantee on the same printed form as the guarantee agreement for Banner Motors which was cancelled at the time the present guarantee was signed. There is no count in the pleading to cancel or reform the guarantee as it was signed by McGhee on April 28, 1954. On such record points 5 and 6 are overruled.

Points 7 and 8 assert error in the granting of the judgment (7) in favor of the Bank against him without also granting judgment against Compton, the principal obligor; and (8) decreeing "that the defendant James D. Wolfe be dismissed from this action"; countered that there was no error in rendering judgment in favor of the Bank without rendering judgment against Compton; and in dismissing James D. Wolfe from the suit.

The trade name declaration (omitting portions immaterial here) was as follows: "State of Texas
"County of Dallas

"April 22, 1954.

"It is declared by the undersigned that Banner Motors is an unincorporated business owned wholly and exclusively by the undersigned two persons, and Wynnewood State Bank, Dallas, Texas is authorized to honor checks, drafts, orders, withdrawals and/or receipts drawn against the account of the above trade-name upon the signature of either the undersigned, and to accept the endorsement of the trade-name by any of the undersigned in the encashment of any items so made payable. * * * The undersigned further agree individually that any of the following persons ———— may from time to time borrow money from Wynnewood State Bank, Dallas, Texas, in the trade-name and to execute a note, or notes, or other evidence of indebtedness therefor, and to pledge or mortgage any of the assets of this company as security therefor or in connection therewith and that any indebtedness to Wynnewood State Bank, Dallas, Texas, incurred in this trade-

name shall be indebtedness of each and every one of the undersigned individually and collectively. The authorization shall remain in full force and effect until a proper cancellation in writing is filed with Wynnewood State Bank, Dallas, Texas.

"Other Authorized Persons:

Banner Motors "(Trade Name)

"_____ By _____

"_____ "Owner-Partner

"By Jas. D. Wolfe
      "Partner

"By Ray Compton
      "Partner."

The judgment in the transcript recites: "The whereabouts of the defendant James D. Wolfe was not able to be discovered by reasonable diligence and service was not able to be perfected upon him"; and thereafter decrees: "It is further ordered, adjudged and decreed by the court that the defendant George S. McGhee have judgment against the Banner Motor Company and Ray Compton, individually, for the said sum recovered by the plaintiff from the defendant George S. McGhee. It is further ordered, adjudged and decreed by the court that the defendant James D. Wolfe be dismissed from this action."

■ The Bank's petition reflects that its suit is upon an absolute guarantee. Art. 1987, Vernon's Ann.Civ.St. required that the principal obligor be joined as a party to this suit. Such statute, however, does not require that judgment be recovered against the primary or principal obligor. The petition named as defendants "James D. Wolfe and Ray Compton doing business as Banner Motors, and George S. McGhee."

Under such allegation and the proof offered thereon Banner Motors (represented by the partnership fund) was not only primarily liable, as was each of the partners, but were also jointly and severally liable and could have been sued separately, or the partnership could have been sued

for the debt in its trade name alone. **Rule 28, Texas Rules of Civil Procedure**; Crawford v. Adams, Tex.Civ.App., 213 S.W.2d 721 (n.r.e.); Wright v. E-Z Finance Co., Tex.Civ.App., 267 S.W.2d 602 (n.r.e.); Smith v. Wayman, 148 Tex. 318, 224 S.W. 2d 211; Keaton v. Vestal, Tex.Civ.App., 251 S.W.2d 568 (error dism.); Behannon v. Texas Refining Co., Tex.Civ.App., 78 S.W.2d 1017. Points 7 and 8 are overruled.

Point 9 asserts error in granting the judgment without requiring the Bank to act in mitigation of its damages; countered that there was no error in such action.

■ The guarantee here, in our opinion, is a continuing absolute and unconditional one (but limited to the penal sum of $10,000 and limited to automobile transactions only). As stated in 20–B Tex.Jur. 589, sec. 5: "An absolute guaranty is one which is conditioned solely upon the event of default by the principal obligor of fulfilment of the duty the performance of which is guaranteed." Citing Ganado Land Co. v. Smith, Tex.Civ.App., 290 S.W. 920, error ref.; Case Co. v. Laubham, Tex.Civ. App., 77 S.W.2d 578–579; Cullum v. Commercial Credit Co., Tex.Civ.App., 134 S.W. 2d 822. "A 'continuing' guaranty is one which is not confined to a particular transaction or to two or more specified and identified particular transactions, and the term is applied although at the time of the making of the promise of guaranty a definite limit was set with respect to time or amount or both or neither—as where it is stated that the guaranty undertaking is to cover all transactions or all transactions of a certain kind or certain kinds until notice of discontinuance is given * * *." 20–B Tex. Jur. pp. 591–2, sec. 7.

■ An undertaking to guarantee payment of all accounts of a certain kind has been held to create an absolute as distinguished from a conditional guarantee, the natural inference being that payment is agreed to be made at the time the debt becomes due, and not that it is to be made

upon the condition that the debt cannot be collected from the principal by the exercise of due diligence. 20–B Tex.Jur. 594, sec. 9, and cases there cited. The undertaking here comes within the above rule. Point 9 is overruled.

Points 10 and 11 assert error in (1) receiving in evidence plaintiff's exhibits 3 and 4 over timely objections; and (11) in failing to set aside the verdict for the reason that it is not founded on any testimony; countered that there was no error in admitting exhibits 3 and 4 or in granting it judgment for attorney's fees which were provided for in the notes involved.

■■ Under these points appellant McGhee asserts that it was the duty of the trial court to set aside the verdict of the jury for the reason that it was not founded on any testimony and is so contrary to the weight of the evidence as to give the impression that it must have been founded on some prejudice in the jury's mind. Appellant also states that the objections were well taken to the exhibits 3 and 4, and the exhibition of the self-serving notations on them was highly prejudicial. Exhibits 3 and 4 were the two notes sued on herein. The notation thereon shows the business notation that the $600 note was paid by George McGhee. There was no error in admitting the two notes sued on with the Bank's notation thereon. The guarantee above set out was signed in the name of the partnership by one of the partners, to wit, Jim D. Wolfe. Compton, the other partner, did not sign it. Under such circumstances the note was a partnership obligation, and the partnership having been alleged and Compton, one of the partners, having answered, the partnership assets and Compton were liable for the partnership debt. The evidence, consisting of the notes sued on and

the guarantee agreements, was sufficient to make out the Bank's case against the partnership assets and against McGhee personally. Wolfe, although liable, was not served with citation and the court acquired no jurisdiction over him. McGhee was personally and severally liable as a principal upon the guarantee agreement, with the right, if prayed for, to a judgment against the partnership assets, in addition to the judgment against the individual partner served.

Points 10 and 11 are overruled.

■ Point 12 asserts error in allowing attorney's fees against him (McGhee); countered that there was no error therein since such attorney's fees were expressly contracted for in the notes in question. The note executed by the partnership, acting through Wolfe, contained the usual provision for payment of attorney's fees. Such provision was a part of the notes which the guarantee covered under the provision as follows: "Any and all indebtedness James D. Wolfe and Ray Compton dba Banner Motors (or any of them) now owes aforesaid Bank or may at any time hereafter owe said Bank, whether such indebtedness be joint or several, primary or secondary, contract or tort; this obligation to be a continuing promise, and to apply to all obligations now in existence or hereafter owing as the same arise"; provided, of course, that the transaction involve automobiles. The notes here involved grew out of automobile transactions by the partnership in the operation of the business of the partnership. Under the above record point 12 must be overruled.

Finding no reversible error in the trial court's judgment it is

Affirmed.