130 So.2d 132 (1961)
Robin I. BRYANT and C.A. Lounsbury, Appellants,
v.
FOOD MACHINERY AND CHEMICAL CORPORATION NIAGARA CHEMICAL DIVISION, a Delaware corporation, licensed to do business in Florida, Appellee.
No. 60-183.
District Court of Appeal of Florida. Third District.
May 15, 1961.
Rehearing Denied June 5, 1961.
*133 Hendricks & Hendricks, Miami, for appellants.
Joseph G. Weiss, Miami, for appellee.
PER CURIAM.
The appellee, plaintiff below, sought to recover on an agreement guaranteeing payment of merchandise sold to B & L Farms. The complaint alleged reliance upon the guarantee, remand for payment and refusal by B & L Farms to pay
The appellants answered, admitted the debt, demand for payment and refusal by B & L Farms, and further admitted the execution of the guarantees. However, the appellants alleged that they had entered into the agreements to guarantee through an agent of appellee with the understanding and intention that said agreements would not bind them beyond the farming season of 1953-54. The debt presently sued upon is for the farming seasons subsequent to 1953-54. The agreements in question provided:
"I or we do hereby agree to guarantee and by these presents do guarantee the due payment at respective maturity dates of any and all bills of goods purchased from said Food Machinery and Chemical Corporation through its Niagara Chemical Division by B and L Farms Company (Purchaser).
"It is understood that this guarantee is to cover payment for merchandise sold to said B and L Farms Company during a period beginning with the date hereof and extending to the date when written notice of the cancellation hereof shall have been received by Food Machinery and Chemical Corporation at the office of its Niagara Chemical Division at Middleport, New York, by registered mail * * *" [Emphasis supplied.]
The trial court refused to allow testimony of the appellant Bryant concerning a discussion with the appellee's local dealer, and the testimony of the president and general manager of the local dealer, which testimony was intended to show the limitation of the guarantees to the crop year 1953-54.
*134 The record reveals that the appellants received a request from the appellee before the commencement of the 1957-58 farming season to execute new guarantee agreements and to supply appellee with current financial statements of appellants. The present debt arose from the credit extended for the 1957-58 season. This credit was extended although the new guarantees were not executed.
Appellants urge a reversal upon two principal grounds, i.e., first, that the trial court erred in rejecting evidence tending to show a conditional delivery of the guarantees; and second, that the trial court erred in holding, as a matter of law, that the appellants were liable under the guarantees where the appellee had requested execution of new guarantees but without advising the appellants that it (appellee) would rely upon the old guarantees for credit to be extended.
The first question is one of parol evidence. The rule in construing a guaranty as in construing other contracts appears to be that parol evidence is not admissible to enlarge or limit the terms of the instrument, but evidence of the surrounding circumstances is competent in order to arrive at the intentions of the parties, as declared by the words employed, which are to be construed in the light of such circumstances. Nelsonville Electric & Mfg. Co. v. Marshall, Ohio App. 1957, 146 N.E.2d 643. See Simpson, Suretyship, Hornbook Series, § 21. Courts cannot make contracts for the parties, and where agreements are unambiguous, they must be enforced in accordance with their terms. Valley Nat. Bank of Phoenix v. Shumway, 63 Ariz. 490, 163 P.2d 676. See Industrial Bank & Trust Co. v. Hesselberg, Mo. 1946, 195 S.W.2d 470.
A continuing guaranty covers all transactions, including those arising in the future, which are within the description or contemplation of the agreement. If a guaranty is not ambiguous and is clearly a continuing one, it will, of course, be construed and treated accordingly. 38 C.J.S. Guaranty § 54(a) and (b). See also 24 Am.Jur., Guaranty, §§ 18, 19.
This rule of construction appears to be the rule in Florida. In Friedman v. Virginia Metal Products Corp., Fla. 1952, 56 So.2d 515, 516, 33 A.L.R.2d 956, the Supreme Court, in a guaranty case, said:
"The trial judge was correct in excluding parol testimony to vary or change the terms of a written instrument if the terms of that instrument were clear and unambiguous."
Courts have universally held that a contract of guarantee which provides that it is to run until further notice remains in force until revoked by the guarantor. Annotation 81 A.L.R. 790; and see McGhee v. Wynnewood State Bank, Tex.Civ.App. 1956, 297 S.W.2d 876.
The appellants' remaining argument is directed to the appellee's failure to give notice of its intention to rely upon the original guarantee.
In the absence of evidence to show that the new contract of guaranty was designed to destroy one outstanding, it is not deemed to have been in renewal thereof, or a substitute therefor, and is regarded as an independent and distinct agreement. First Nat. Bank of Waterloo v. Story, 200 N.Y. 346, 93 N.E. 940, 34 L.R.A.,N.S., 154; Lumiansky v. Tessier, 213 Mass. 182, 99 N.E. 1051. See Headley v. Post, 120 Kan. 504, 243 P. 1042; Weil v. Free State Oil Co. of Maryland, 200 Md. 62, 87 A.2d 826; Bridgeport State Bank v. Union Warehouse & Mill. Co., 137 Wash. 190, 242 P. 13. The fact that a creditor desires a more specific assurance is not necessarily controlling. American Woolen Co. of New York v. Moskowitz, 159 App.Div., 382, 383, 144 N.Y.S. 532.
Concerning the question of notice, the authorities are fairly uniform that *135 notice to the guarantor of the transaction as between principal-debtor and guarantee is purely one of special contract; and that in the absence of a specific provision so requiring, no obligation rests upon the guarantee to advise or notify the guarantor. Hassell-Hughes Lumber Co. v. Jackson, 1949, 33 Tenn. App. 477, 232 S.W.2d 325; see Eastern Shore Brokerage & Commission Co. v. Harrison, 141 Md. 91, 118 A. 192; Weil v. Free State Oil Co. of Maryland, supra.
In view of the opinions expressed, it follows that the judgment appealed should be and is hereby affirmed.
Affirmed.
HORTON, C.J., and PEARSON and CARROLL, CHAS., JJ., concur.