## HEISIG RICE COMPANY v. FAIRBANKS, MORSE & COMPANY.

### Decided March 1, 1907.

**1.—Foreign Corporation—Interstate Transaction.**

Where in a suit by a foreign corporation against a citizen of this State for the purchase price of machinery, there was nothing in the pleading of plaintiff or proof adduced to show that the plaintiff was transacting business in this State, it was not necessary for the plaintiff to allege and prove that it had a permit to do business in this State.

**2.—Sale of Machinery—Breach of Warranty—Remedy.**

Where the purchaser of machinery sold under warranty of fitness and quality receives and retains the same his remedy for breach of the warranty is suit upon the warranty, and his measure of damages is the difference between the market value of the machinery delivered and that contracted for, and such consequential damages as the facts authorize, and he must furnish the evidence on which a verdict might be predicated.

**3.—Undisputed Testimony—Credibility—Question for Jury.**

Even though the testimony of witnesses as to an issuable fact may be undisputed by direct testimony, still when there are circumstances in evidence tending to discredit their testimony, as for instance, bias, prejudice, uncertainty, unwillingness to testify fully and frankly, or interest in the controversy on the part of the witnesses, it is proper for the court to submit the issue to the jury.

**4.—Same—Submission of Issue.**

It is not always reversible error for the court to submit to the jury as an issuable fact one concerning which the testimony is undisputed. If the testimony is overwhelmingly in favor of the fact it will not be presumed that the jury were misled by the doubt implied by the submission of the issue.

Appeal from the District Court of Jefferson County. Tried below before Hon A. T. Watts, Special Judge.

*Greers & Nall,* for appellant.—The proof showing the contract was made and to be performed in Jefferson County, Texas, and that plaintiff is a foreign corporation, without proof or allegation that it had a permit to transact business in this State, it could not maintain this suit, even though in fact the machinery was shipped from another State; and it was error to refuse an instructed verdict for defendant on that ground. Chapman v. Hallwood Cash Reg. Co., 73 S. W. Rep., 969; St. Louis Ex. Met. F. R. Co. v. Beilharz, 88 S. W. Rep., 512; Taber v. Interstate Loan Association, 91 Texas, 92.

The court erred in its mandatory instruction to find for the plaintiff in that defendant having pleaded failure of consideration, under the facts, was entitled to have that issue submitted to the jury. Brantley v. Thomas, 22 Texas, 271; Aultman v. Hefner, 67 Texas, 55.

*A. D. Lipscomb* and *Bryan & McRae,* for appellee.—There were no facts alleged in defendant's pleadings, and no facts proven which would have justified the court in submitting to the jury anything concerning the failure of consideration, as claimed by defendant, because this being a suit for damages for breach of warranty, and not for rescission of the contract, the pleadings failed to allege the market value of the engine and machinery which was contracted for, and what was the market value of the engine and machinery as actually delivered; and there was no evidence whatever as to what was the value of the engine and machinery which was actually delivered, nor was there any evidence of the value of the machinery which was actually delivered, and after it had failed to operate successfully on Beaumont crude oil, as claimed by appellant, and hence no facts upon which the court and the jury could base a finding of failure of consideration, and the amount thereof. Routh v. Caron, 64 Texas, 289; Aultman v. Hefner, 67 Texas, 59; Aultman & T. Machinery Co. v. Cappleman, 10 Texas Ct. Rep., 962, 81 S. W. Rep., 1244; George v. Hesse, 15 Texas Ct. Rep., 824; Mech. Sales, secs. 817, 1830; 2 Suth. Dam., 422-5; 30 Am. & Eng. Ency. of Law, 209 et seq.

GILL, CHIEF JUSTICE.—Fairbanks, Morse & Co., a foreign corporation, sued the Heisig Rice Company, a domestic corporation, to recover the balance due upon the purchase price of certain machinery sold by the plaintiff to defendants. The pleaded defenses were breach of warranty of the quality and fitness of the machinery sold, and a prayer by way of cross-action for consequential damages alleged to have been suffered as a result of the failure of the machinery to come up to the standard contracted for. A jury trial resulted in a verdict and judgment for plaintiff for the sum sued for and defendant has appealed.

The facts as disclosed by the record may be briefly stated as follows:

The plaintiff was a foreign corporation engaged in the manufacture and sale of engines and having an office in St. Louis, Missouri. The defendant is a Texas corporation engaged in the irrigation and raising of rice in Jefferson County. In the early part of the year 1902 the defendant ordered from the plaintiff, on terms stipulated in the order, one twenty-eight horsepower gasoline engine, the seller being at the · time advised that it would be used by the purchaser in pumping

1907.]        HEISIG RICE CO. v. FAIRBANKS, MORSE & CO.        385

water to irrigate a rice crop during that year. Phelps, plaintiff's sales agent in Texas, took the defendant's written order subject to the approval of his principal which was duly had upon its receipt in St. Louis. The seller was to ship the machinery at the named price and pay the freight on it to its Texas destination. The seller guaranteed that the engine would operate successfully on Beaumont crude oil and develop its rated horsepower and guaranteed the workmanship and material for one year from date of purchase. The machinery was so shipped, received and installed. On the issue as to whether the engine came up to the guarantee the evidence is conflicting, but is amply sufficient to support the conclusion that it did. We therefore announce this conclusion without a detailed discussion of the evidence.

The judgment is assailed upon these grounds:

1. The refusal of the court to require allegation and proof of permit of the plaintiff to do business in Texas.

2. The action of the trial court in refusing to submit the issue of partial failure of consideration.

3. The submission of the insufficiency of defendant's water supply as a possible cause of its damage.

To the first objection the sufficient answer is that neither the pleadings of plaintiff nor the proof adduced bring the cause within the rule invoked. It appears from both that it was an interstate transaction. Miller v. Goodman, 91 Texas 41; King v. Monitor Drill Co., 15 Texas Ct. Rep., 315; Norton v. Thomas & Son, 15 Texas Ct. Rep., 618.

The record suggests a complete answer to the second. The purchaser retained the machinery, and if the warranty of fitness and quality was breached his measure of damages for the breach of partial failure of consideration was the difference between the market value of the machinery delivered and that contracted for, and such consequential damages as the facts authorized. Aultman v. Hefner, 67 Texas, 55. But in such case it is necessary for the purchaser to furnish the court and jury some evidence of the difference in value on which a verdict and judgment may be predicated. This the defendant has wholly failed to do, and there is no pretense that the machinery so delivered and retained was valueless, nor was any standard furnished for determining how much less it was worth than it would have been had it measured up to the warranty. The second objection must therefore be held untenable.

The plaintiff pleaded in defense to the cross-action for the loss of the rice crop, which was alleged to be due to the failure of the engine to pump sufficient water, that such failure, if any, was due either to the unskillfulness of defendant in operating it, or the lack of sufficient water in the wells which were relied upon for a water supply. The trial court submitted to the jury the issues whether the engine came up to the warranty, whether the defendant operated it unskilfully, and whether the loss of the crop was due to an insufficient water supply. The submission of this last issue is the subject of the third objection to the judgment.

The ground of the objection is that the undisputed proof showed that the well was sufficient to furnish ample water to save the lost rice crop. In making out his cross-action the burden was as clearly upon defendant to show that he had sufficient water as that he had planted a rice crop. One witness, the appellant's engineer, testified that the capacity of the well was measured at one time during the season and that it pumped 750 gallons of water per minute and that this was ample to irrigate the rice crop. Two other witnesses, to wit, the president of appellant and the manager, testified that the well was sufficient, but it also appeared from their testimony that 1902 was an exceedingly dry year. That the first two wells to which the engine was attached furnished about 300 gallons each but that in pumping one for a while the water in both would be lowered about ten feet. That the engine was then moved to the 750 gallon well and that they had bored altogether eight wells in an effort to get sufficient water.

Taking into consideration the relation of these witnesses to the defendant company, the fact that the engine was retained for so long a time without protest, and the other facts related above, the contention is not without force that notwithstanding there was no direct contradiction of their testimony as to the capacity of the well the issue was nevertheless for the jury. Heierman v. Robinson, 63 S. W. Rep., 657; International & G. N. Ry. Co. v. Johnson, 23 Texas Civ. App., 184; Turner v. Grobe, 24 Texas Civ. App., 557; Cheatham v. Riddle, 12 Texas, 112; Coats v. Elliott, 23 Texas, 613; Houston, E. & W. T. Ry. v. Runnels, 47 S. W. Rep., 971. In the case last cited Justice Brown, speaking for our Supreme Court, said upon this point, though speaking to another question: "It is the province of a jury to pass upon the credibility of the witness, and they may disregard the testimony of a witness who has neither been impeached nor contradicted if they believe his statements to be untrue from his manner of testifying, prejudice exhibited toward the opposite party, interest in the result of the litigation, or other things indicating that the evidence is unreliable."

It is a rule of practice that the trial court shall assume as true such facts as have been established beyond controversy, but the rule is even more stringent that he shall submit all issues of fact to the jury. In a jury trial it is beyond his province and fatal error to assume as established any material issuable fact. It is apparent that whenever the trial court in a jury trial finds that a material fact is testified to by one or more witnesses uncontradicted what his duty is in the premises is a delicate inquiry. If their demeanor on the stand has disclosed bias, prejudice, uncertainty or an unwillingness to testify fully and frankly, they are matters which the jury may properly weigh in determining their credibility, and yet it is obvious that it is impossible to embody such intangible things in the record. If he submits the issue to the jury how can an Appellate Court safely conclude that he has not exercised a sound discretion? It will not do to hold that the trial court may submit such issue only when the evidences of insincerity on the part of the witness consist of interest in the result of the litigation or such other tangible matter as may be embodied in the record for the inspection of the Appellate Court. We think, therefore, it fol-

lows that an Appellate Court should hesitate to revise such action especially where the verdict may be justly and fairly ascribed to other grounds finding ample support in the evidence.

It has been many times judicially held that to submit as an issuable ground of recovery or defense a fact established without conflict is misleading and ground for reversal. Such are the cases of Texas & Pac. Ry. v. McKoy, Gulf, C. & S. F. Ry. v. Rowland, and Culpepper v. I. & G. N. Ry., all reported in 90 Texas, pp. 264, 365 and 627, respectively. But in each of those cases the fact established and erroneously submitted as an issue was obviously and inevitably true and did not depend for its truth on the credibility of witnesses, and the same may be said of most of the other cases in which reversals were had on a like assignment.

But conceding that the issue was not for the jury we are justified in holding the assignment without merit upon another ground. In St. Louis S. W. Ry. v. Groves, 16 Texas Ct. Rep., 895, the court submitted, among other things, whether the act complained of on the part of plaintiff as contributory negligence was, if negligence, the proximate cause of the injury. If the act was found by the jury to be negligence, that it was a contributing cause was a matter about which there could be no difference of opinion. This court held that the true inquiry for the Appellate Court was whether the jury were probably misled by the submission of the issue, and in determining this question the entire charge and the strength of the proof in support of the verdict might be considered. A judgment for the plaintiff was affirmed notwithstanding the alleged error, and our judgment received the approval of the Supreme Court.

In the three cases cited supra from 90 Texas, the question involved was proximate cause which, in view of the peculiar facts of those cases and because of the difference between its literal meaning and its legal definition, might easily confuse the lay mind. This was the subject of remark in the Culpepper case and was given as a reason for the conclusion that the charge complained of was misleading. The ordinary jury might easily conclude that the act nearest in point of time to the accident was proximate and the act of the plaintiff though established beyond controversy merely the remote cause. In such a case it is clearly the duty of the court to instruct the jury that if the act of the plaintiff and the quality of negligence is established the finding that it was a contributing cause must follow as a matter of law.

In a case, however, like the one before us it is against reason to conclude that the jury were misled by the charge to find against the undisputed proof, if, as appellant contends, there was no issue. The overwhelming probability is that they found in accordance with the facts, and the evidence strongly supporting the verdict upon other issues and the charge being clear and full, we are justified in so concluding.

By the fifth assignment appellant complains of the refusal to give special charge No. 5. It was properly refused because it authorized a verdict for defendant without reference to whether the engine was operated by defendant with reasonable skill.

It was not controverted that the plaintiff was entitled to recover the balance alleged to be due on the purchase price of the machinery except insofar as it might be offset by the items set up in the cross-action, hence the court did not err in so instructing the jury. The evidence supports the verdict, and none of the assignments present reversible error. The judgment is affirmed.

*Affirmed.*