SCIABALLA v. ILLINOIS SURETY CO.   (No. 6904.)

(Supreme Court, Appellate Division, First Department.   March 12, 1915.)

1. CARRIERS ⊙═252—SALE OF TICKETS—BOND TO SECURE DEPOSITS—REPEAL OF STATUTES.
      That Laws 1907, c. 185, and Laws 1908, c. 479, amending it, and requiring that persons engaged in the business of selling railroad and steamship tickets and receiving money on deposit in connection therewith give bond, were included in the schedule of laws repealed in 1909, did not, in view of Laws 1909, c. 596, prescribing rules for statutory construction, operate to repeal such law as amended, where in fact it was incorporated without further change in General Business Law (Consol. Laws, c. 20) §§ 150–154.
      [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1009, 1010, 1015; Dec. Dig. ⊙═252.]

2. CARRIERS ⊙═252—SALE OF TICKETS—BOND TO SECURE DEPOSITS—ADDITIONAL SECURITY—NECESSITY OF ELECTION.
      Where plaintiff's deposits were made in 1909, it was not essential to his right to resort to the additional security given by the ticket agent with whom he made the deposits, pursuant to Laws 1910, c. 348, art. 3a, requiring that cash security be given by private bankers, that he waive the benefit of the bond given by the ticket agent pursuant to Laws 1907, c. 185, and Laws 1908, c. 479, as a condition precedent to his right to resort to the additional security.
      [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1009, 1010, 1015; Dec. Dig. ⊙═252.]

3. ELECTION OF REMEDIES ⊙═3—APPLICATION OF DOCTRINE.
      The doctrine of election applies only where inconsistent rights or remedies are involved.
      [Ed. Note.—For other cases, see Election of Remedies, Cent. Dig. §§ 3, 4; Dec. Dig. ⊙═3.]

4. GUARANTY ☞61—SUBSTITUTION—PROOF—LIABILITY OF SURETIES.

    Where a guaranty covers past as well as future transactions, it must clearly appear, in order to release the sureties on a preceding guaranty, that the later bond was given as a substitute for the former, and in the absence of such evidence the principal may resort to the sureties on both bonds, between whom the usual rights of contribution exist.

    [Ed. Note.—For other cases, see Guaranty, Cent. Dig. § 71; Dec. Dig. ☞61.]

    McLaughlin and Dowling, JJ., dissenting.

Appeal from Special Term, New York County.

Action by Giuseppe Sciaballa, suing, etc., against the Illinois Surety Company. From a judgment dismissing the complaint on the merits, plaintiff appeals. Reversed, and judgment ordered for plaintiff.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

Samuel Hoffman, of New York City, for appellant.
L. Laflin Kellogg, of New York City, for respondent.

HOTCHKISS, J. The action is a representative one by plaintiff, as a depositor with one Zingales, to recover on a bond given under the law regulating the business of selling railroad and steamship tickets for foreign transportation.

The first legislation on the subject was chapter 185, Laws 1907, which required a bond of $15,000 or cash to be deposited with the comptroller by all persons engaged in such business, and who in conjunction therewith received money for transmission to foreign countries. By Laws of 1908, c. 479, the act was extended to all such persons who, while conducting the business aforesaid, received money on deposit. The bond in question was given on August 17, 1908, under the act as thus amended. In the general consolidation of the statutes, which became effective February 17, 1909, the act of 1907, as amended in 1908, and without further change, was incorporated into the General Business Law as sections 150 to 154 thereof, and the acts of 1907 and 1908 were included in the schedule of laws repealed. The plaintiff's deposits were made August 22 and November 22, 1909. By chapter 348, Laws 1910, a new article (3a) covering the subject of private banking was added to the General Business Law, and by chapter 349 of the Laws of the same year sections 150 to 154 were amended so as to apply exclusively to the business of ticket agents; the two acts working a separation of the business of receiving deposits from the business of selling transportation tickets. Under the private banking article (chapter 348) there was a new plan of security adopted with respect to private bankers, which required a deposit with the comptroller of securities or money and also a bond.

In pursuance of the amendment of 1910, Zingales deposited $10,000 with the comptroller and gave a bond in the same amount. Some time before the commencement of this action Zingales was adjudged a bankrupt, and the money and bond given under the act of 1910 were delivered to his trustee, who collected the amount of the bond. Subsequently plaintiff filed his claim in bankruptcy and received his

pro rata dividend. The learned court below held that plaintiff had the right to enforce the bond sued on in this action, or the security . deposited under the law of 1910, but that he could not have the benefit of both, and, having elected to pursue the latter, he could not claim under the former.

[1] The first objection to a recovery urged by the respondent is that plaintiff has no right to resort to the bond in suit, because the act of 1907, as amended in 1908, was repealed by the Consolidated Laws before plaintiff's deposits were made. I think this position is untenable. McAvoy v. City of New York, 52 App. Div. 485, 488, 65 N. Y. Supp. 274, affirmed 166 N. Y. 588, 59 N. E. 1125; Laws 1909, c. 596.

[2] The remaining question involves the effect of the act of 1910. Did it give plaintiff an additional security, and, if so, was his right to resort to it conditional on his election to waive the benefit of the bond theretofore given? In Goldberg v. People's Surety Co., 162 App. Div. 385, 147 N. Y. Supp. 355, we held: (1) Moneys deposited before the act of 1907, as amended in 1908, and which remained on deposit after a bond had been given under the latter act, were covered by such bond. (2) Moneys so deposited, and remaining after the amended law of 1907 became inoperative in consequence of the act of 1910, were still covered by the bond, because of the saving clause in the act of 1910. In the course of his opinion, Mr. Justice Clarke took occasion to say that moneys so deposited and remaining constituted a contract liability under the bond that could not be violated by subsequent legislation; but he was careful to add that, because of the saving clause, no such legislation had been in fact attempted.

The Goldberg Case, while authority for the proposition that this plaintiff may look to the bond of 1910, as well as to that of 1908, does not, however, necessarily decide the question of election which is now raised. The act of 1910 prohibited any one from thereafter engaging in the business of receiving deposits without first procuring a license, as a condition of which the applicant was required to give bond and security "for the faithful holding of all moneys that may be deposited with the applicant, * * * and the repayment of such moneys." As I have shown, security given under this act inured to the benefit of existing as well as future depositors. There is not a syllable in the act to indicate that its benefits were intended to be extended to existing depositors only on condition that they should waive the benefit of any security given under any prior act. Perhaps that was what the Legislature meant; but if it failed to say so, and if we are compelled, as I think we are by our decision in the Goldberg Case, to construe the language used as extending the benefit of the act to existing depositors, by what right may we say that it was on conditions not expressed in the act itself?

[3, 4] The doctrine of election applies only where inconsistent rights or remedies are involved. In principle I cannot distinguish the present case from People v. Lee, 104 N. Y. 441, 10 N. E. 884, Barnes v. Cushing, 168 N. Y. 542, 61 N. E. 902, and First Nat. Bank of Waterloo v. Story, 200 N. Y. 346, 93 N. E. 940, 34 L. R. A. (N. S.) 154, 21 Ann. Cas. 542. These cases all go on the principle that where a guaranty covers past as well as future transactions, in order to release the .

sureties on a preceding guaranty, it must clearly appear that the later bond was given as a substitute for the former, and in the absence of such evidence the principal may resort to the sureties on both bonds, between whom the usual rights of contribution exist.

I think the judgment should be reversed, and that a judgment on proper findings should be entered in favor of the plaintiff.

Judgments reversed, with costs, and judgment ordered for plaintiff as directed in opinion. Settle orders on notice.

INGRAHAM, P. J., and LAUGHLIN, J., concur. McLAUGH-LIN and DOWLING, JJ., dissent.