## McMURTRY MOTOR CO. v. MARESH.
### No. 13180.

Court of Civil Appeals of Texas.
Fort Worth.
May 24, 1935.

Lyndsay D. Hawkins, of Breckenridge, for plaintiff in error.

W. A. Hawkins, of Fort Worth, for defendant in error.

BROWN, Justice.

Plaintiff in error will be referred to as appellant, and defendant in error as appellee, for convenience.

Appellee sued appellant in the county court at law No. 2 in Tarrant county, alleging that on July 18, 1932, he bought from appellant a 1929 model Pontiac automobile, at the purchase price of $250; that in payment of such purchase price appellee traded to appellant a 1928 model Chevrolet automobile, at the agreed price of $125, and executed a note to appellant in the sum of $171 which included the balance of the purchase price of the Pontiac and the insurance thereon; that appellant "guaranteed the Pontiac to be in good mechanical condition"; and that he relied upon such statement in making the trade. He alleged further that the Pontiac was not in good mechanical condition; that he drove it from Fort Worth, Tex., to Weatherford, Tex., on the day of the purchase; that the car would not hold lubricating oil; that it ran "hot," and could not be driven over 25 miles per hour; that he was forced to replenish the oil at Weatherford, and to have the car repaired for a burned-out bearing; that he drove the car from Weatherford, Tex., to Houston, Tex., and was forced to put oil in the car at several places on the way, and when he reached Rosebud, Tex., he was forced to have the car repaired for burned-out bearings, said car being badly out of repair; that the crank shaft was worn out and the car would not hold lubricating oil; that appellant misrepresented the condition of the car; that appellee was forced to leave it at Rosebud and to go to Houston, by other means; that he brought the car back to Fort Worth and demanded that appellant put it in good repair, which demand was refused; that he left it at appellant's place of business and appellant now has both cars; that the repairs at Weatherford cost $9.20, those at Rosebud $28.75; that he was compelled to buy 6¾ gallons of oil at an expense of $6.45; that the market value of his Chevrolet was $150; that he was a real estate agent, was compelled to hire a car to do his work, at the added expense of $26.50; that he was compelled to repair the rented car at an added expense of $13.60. He sued for all these items and for the cancellation of the $171 note he gave appellant.

Appellant answered by general demurrer and general denial, but did not appear when the case was called for trial, and upon such default the cause was tried to the court, in appellant's absence, the court, in the judgment, specifically finding that the representation was made as pleaded; that appellee relied upon it; that it was not in good mechanical condition, but was badly in need of repairs; that its condition was misrepresented; that appellee returned the Pontiac to appellant and

492

demanded that it be put in good mechanical condition, which demand appellant refused; that appellee then demanded his Chevrolet, which demand appellant likewise refused; that appellant has both cars; that the Chevrolet was worth $150; that appellee expended $9.20 for repairs at Weatherford, and $26.75 for such purpose at Rosebud, all being necessary for the purpose of getting the car back to Fort Worth; that it was necessary for appellee to rent another car, to be used in his business, at an expense of $26.50; that appellee was compelled to buy oil for use in the car at an expense of $6.45, occasioned by the poor mechanical condition of the car; that appellee was entitled to the cancellation of his note.

Upon these findings the trial court rendered judgment for appellee against appellant for damages in the sum of $220.85, and for cancellation of the $171 note.

The appeal comes to us by writ of error. Without going into detail, appellant urges that the plaintiff's petition shows upon its face that the trial court was not warranted in rendering the judgment appealed from. With this contention we agree.

We gather from appellee's petition that he has sued for both breach of warranty and rescission; and such pleas do not appear to have been alleged in the alternative. This he cannot do. He cannot repudiate the contract of sale, seek rescission, and at the same time affirm the contract and ask for damages for its breach. Jenkins v. Northwestern Pipe & Supply Co. (Tex. Com. App.) 299 S. W. 857.

It is elementary that a buyer who elects to rescind must act promptly, after discovering the defects in the article. The question of whether or not appellee acted within a reasonable time after discovering the defects in the vehicle is one of fact, and must be alleged and proven, and found existent, if the theory of rescission is relied upon.

If appellee relies upon the breach of the express warranty for recovery, the measure of damages for such is the difference between the contract price and the value of the automobile, as warranted.

If appellee sues for both rescission, and for breach of warranty and resulting damages, he must plead the two inconsistent causes of action in the alternative.

The judgment is reversed, and the cause remanded to the trial court for a new trial, not inconsistent with our holdings herein.