**O'CON v. HIGHTOWER.**

No. 12682.

Court of Civil Appeals of Texas.

San Antonio.

April 28, 1954.

Rehearing Denied May 5, 1954.

322

Harrison & Smallwood, San Antonio, for appellant.

Joseph Kidwell, Jr., San Antonio, for appellee.

POPE, Justice.

Appellant, O'Con, has appealed from a default judgment in favor of appellee, Hightower, which cancelled a promissory note given by Hightower to appellant in part consideration for a sale of the fixtures, equipment, merchandise, and place of business known as "O'Con's Shamrock Ice Station Number Two."

Hightower bought the place of business by paying $2,000 in cash and delivering her promissory note in the principal amount of $3,000, secured by a chattel mortgage on the fixtures, merchandise and equipment. Hightower asserted in her petition that the sale was induced by fraudulent representations with reference to debts and liens covering the fixtures, merchandise and business, and that the debts and liens were substantially equal to or in excess of the note. The petition asserted grounds for relief either by way of damages or rescission. O'Con failed to answer and the trial court heard evidence and granted a default judgment.

The judgment stated that O'Con fraudulently induced the sale, and adjudged the $3,000 note null and void. It further enjoined O'Con from negotiating or transferring the note. The rest of the trade was undisturbed. Appellant, O'Con, timely filed a motion for new trial and urged that the pleadings would support a judgment either for damages against him or a judgment for total rescission, but that an election between the two remedies should have been made, and that part of the trade could not be rescinded without rescinding the remainder of it also.

The general rule is, as appellant contends, that a defrauded purchaser is put to an election whether he will keep the property and recover damages or rescind the sale and return the property, and recover the value he has parted with. Russell v. Industrial Transp. Co., 113 Tex. 441, 251 S.W. 1034, 258 S.W. 462, 51 A.L.R. 1; 258 S.W.2d 957; 12 Am.Jur., Contracts, § 146; 46 Am.Jur., Sales, § 786. Generally a rescission "must be in toto." 17 C.J.S., Contracts, § 416. But in circumstances which have been described as "extreme", partial rescission has been granted of an entire contract. 9 C.J., Cancellation of Instruments, § 208; 12 C.J.S., Cancellation of Instruments, § 78b; 7 Tex.Jur., Cancellation of Instruments, § 78. Texas, in some instances, has followed that rule. Hill v. Ellsworth, Tex.Com.App., 35 S.W.2d 704; Thompson v. Williams, Tex.Civ.App., 246 S.W.2d 506; Chambers v. Wyatt, Tex.Civ. App., 151 S.W. 864.

The pleadings assert that appellee, Hightower, has changed her position by entering into a lease agreement with a third party, and by the sale and substitution of some of the items involved in the original sale. Absent a statement of facts, we are unable to say that the trial court had no facts upon which to rest its judgment for cancellation of the $3,000 note.

The judgment is affirmed.