**R. D. GOODRICH, Appellant,**

v.

**W. R. SWINNEY, Appellee.**

No. 15601.

Court of Civil Appeals of Texas.

Fort Worth.

March 18, 1955.

Garrett & Garrett and Rufus S. Garrett, Jr., Fort Worth, for appellant.

Levi Pressly, Fort Worth, for appellee.

RENFRO, Justice.

Appellant Goodrich sued appellee Swinney on an installment note and to foreclose a chattel mortgage on a 1952 used truck. Appellee defended on the ground of breach of warranty, and filed a cross action for rescission, based on allegations appellant warranted the truck to do the work of appellee and to perform in every way; that the truck was fairly tried out and would not do the nature and kind of work appellant warranted it to do.

The jury found that appellant's salesman falsely represented to appellee that the truck was in such mechanical condition as to do the work for which it was purchased. Appellant objected to the issues submitted because not supported by the pleadings and because the issues did not take into account the undisputed evidence that certain work was done on the truck by appellant subsequent to the sale, and the issues placed an undue burden upon the appellant.

The trial court rendered judgment denying appellant recovery upon the note and judgment for the appellee, awarding him $300, being the value of a truck delivered to the appellant by appellee as part of the purchase price of the truck in controversy.

Appellant's first point of error is to the effect the trial court erred in holding appellee entitled to rescind the purchase contract due to appellant's breach of warranty of quality.

We think the point is well taken and must be sustained.

■ " 'When there is no fraud, and the warranty goes to the fitness of the article, and it proves wholly unsuitable, * * * it may be returned upon breach of the agreement or warranty. But if the warranty goes to the degree of fitness or to quality, and it proves to be of an inferior quality or fitness, the goods cannot be returned, and the remedy is by action for damages, * * *. Thus, if a machine is sold for a particular purpose, and it will perform none of the functions, it may be returned; but if it only perform them badly, the remedy is by action for damages.' " Wright & Clark v. Davenport, 44 Tex. 164. See also Dillard v. Clutter, Tex.Civ.App., 145 S.W.2d 632; Fetzer v. Haralson, Tex. Civ.App., 147 S.W. 290.

The record shows that appellant's salesman knew the kind of gravel hauling work appellee was doing. According to appellee, the salesman said the truck was in perfect shape but if anything was wrong appellant would fix it. The salesman testified the truck was guaranteed, it was to be put in first-class condition and appellant would stand behind it on the service. It is undisputed that subsequent to the sale, but on the same day, appellee discovered two broken wheels on the truck. He returned it to appellant the next day and the wheels were replaced to appellee's satisfaction. Thereafter he had considerable trouble with the truck, including a broken driveshaft, several broken universal joints and other troubles.

It could be found from the evidence that the truck was wholly unsuitable for the purpose for which it was sold by appellant. On the other hand, there is evidence from which it could be found that it merely performed badly, and in addition there is evidence from which it could be found that the trouble occurring to the truck subsequent to the replacement of the broken wheels was due to overloading by appellee.

■■ In our opinion the appellee, in order to rescind, not having plead fraud or an agreement to return the truck, had the burden of proving that the truck was wholly unsuitable for the purpose for which it was intended, or that it was worthless. The issues submitted did not determine whether or not the truck was wholly unsuitable for the purpose for which it was purchased.

By his second point appellant contends appellee failed to establish his claim of entire failure of consideration as a basis for rescission of the contract.

While it is true the jury found that the truck had some value at the time of the purchase, there is other evidence that the

truck was wholly unsuitable for the work it was intended to do. For instance, appellee testified that every time he attempted to use it something would break down. We think there was basis for a rescission if the truck was wholly unsuitable for the purpose intended. 37 Tex.Jur., p. 581, sec. 262. The questions of whether it was wholly unsuitable and whether the conditions rendering it so existed at the time of sale should be determined by the jury.

The point of error is overruled.

Appellant by point of error argues that appellee waived any right of rescission which he might have had by continued use of the truck purchased for a period of approximately two months.

■ The appellee testified that he took the truck back to appellant's place of business "lots of times" for repairs; that several times he asked them to repair it and they would tell him to come back the next day; and the next day they would tell him they were too busy to fix it. From the record we cannot determine over what period of time these negotiations or conversations continued. Finally, appellee left the truck on appellant's lot, and finding no one in charge told an attendant he was leaving it for appellant.

The question of whether or not appellee acted within a reasonable time is, under the record before us, one of fact. McMurtry Motor Co. v. Maresh, Tex.Civ.App., 84 S. W.2d 491; 37 Tex.Jur., p. 532, sec. 241.

In view of the testimony, we cannot say that appellee, as a matter of law, waived his right of rescission.

By his fourth point, appellant contends the court erred in rendering judgment for appellee because the court induced appellant's attorney to terminate his objections to the court's charge by representing that judgment would be rendered for appellant if the special issues were answered as the jury later answered such issues.

In his motion for new trial appellant alleges he was objecting to issues Nos. 4 and 5 when he was so induced to cease making objections. Issue No. 4 inquired as to the reasonable cash market value of the truck in question on the date of the sale, and issue No. 5 inquired as to the value of the truck appellee gave as part purchase price of the truck purchased from appellant.

 Appellant does not state what objections he would have made to said issues but for the court's comments, and does not show in what way he was harmed.

In view of another trial, we suggest the issues on values not be conditioned on affirmative answers to the issues determining the rights, if any, of rescission.

Judgment of the trial court is reversed and the cause remanded for a new trial.