The CELOTEX CORPORATION, Appellant,

v.

Paul FISHER et ux., Appellees.

No. 15694.

Court of Civil Appeals of Texas.

Fort Worth.

March 2, 1956.

Rehearing Denied March 30, 1956.

Bullington, Humphrey, Humphrey & Fillmore, and Lee Humphrey, Wichita Falls, for appellant.

Anderson & Latham and Henry J. Anderson, Wichita Falls, for appellees.

RENFRO, Justice.

Paul Fisher, appellee, brought suit against Builders Supply Company and The Celotex Corporation for the return of the full contract price theretofore paid for certain Celotex Siding installed on some buildings owned by him, and, in the alternative, for damages for failure of warranty.

Appellee failed to prove a right of rescission of the contract but did prove partial failure of warranty.

The jury found the use of the siding for which it was sold was impaired because it blistered, buckled and faded. The jury found that $2,250 would "reasonably compensate the plaintiff for his damages."

From a judgment in the above amount, The Celotex Corporation has appealed on the ground the trial court erred in submitting issues to the jury for the reason there was no evidence upon which the finding of damages could be founded.

The siding was installed in June, 1951, at a contract price of $2,700. Blisters soon appeared on the siding, followed by cracks and bubbles. Before the end of the first summer the siding on the west walls and part of the north walls started fading. Appellee testified the fading gave the buildings a shabby appearance. He testified further that he bought the siding principally for beautification and contended the siding in its present condition is worth nothing to him except for insulation purposes. Although the defects became apparent soon after the siding was installed, the appellee made no attempt to remove same from the building and the siding was still in use at the time of the trial, more than three years later.

One of the partners of Builders Supply Company corroborated appellee's testimony as to the defects and appearance of the siding. He further testified that the defects will get worse in the future and that there is no way to remedy the situation except by removing the siding and replacing it with new material.

Evidence introduced by appellant is to the effect that although some blistering has occurred, the siding is in good condition, has a good appearance and has a substantial value.

The record also contains evidence showing that material such as that in question is sold for appearance, insulation, durability and to save the necessity and expense of painting buildings.

While the answers of the jury finding facts showing a partial failure of warranty are amply supported by the evidence, we think the contention that the answer to the issue on damages is not supported by the evidence must be sustained. Usually the proper measure of damages for a failure of warranty of this kind is the difference between the market value of the material in its actual condition and its market value had it been as warranted. Wright & Clark v. Davenport, 44 Tex. 164; McMurtry Motor Co. v. Maresh, Tex.Civ.App., 84 S.W.2d 491. The measure of damages, however, will vary with the circumstances of the case. 37 Tex.Jur., p. 563; Independent Shope Brick Co. v. Dugger, Tex.Civ. App., 281 S.W. 600, affirmed Tex.Com.App., 285 S.W. 599. But whatever the proper measure of damages under the circumstances of the case, to recover for partial failure of warranty the extent thereof must be clearly shown. Allison Ranch Co. v. Angelo Auto Electric, Inc., Tex.Civ.App., 145 S.W. 2d 645.

The burden was on appellee to furnish evidence from which the jury could determine the extent to which the warranty had failed. It is clear from the record that the siding did have some value, ranging somewhere between "little" and "substantial". Although the evidence shows the contract price of the siding, there is no evidence showing its value in its actual condition. Since the evidence is clear that the siding had some value, it was incumbent on appellee to present to the jury competent evidence from which such value could be determined and an appropriate issue on such value submitted to the jury.

Based on a careful study of the record, we have concluded the evidence was such that neither the court nor the jury could have determined the extent of the partial failure of consideration and the verdict rendered was necessarily based on mere speculation.

The point of error is sustained and the judgment against appellant reversed.

Reversed and remanded.