Don SHEPHERD, Appellant,

v.

ERIC SCHUSTER CORPORATION, Appellee.

No. 64.

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Jan. 31, 1968.

Rehearing Denied Feb. 28, 1968.

Pete P. Navarro, Robert O. Campbell, Campbell & Lilly, Houston, for appellant.

Leonard Z. Finger, Brown & Pettit, Houston, for appellee.

BARRON, Justice.

Eric Schuster Corporation, a manufacturer of picture frames and moldings, brought this suit against Don Shepherd to recover the contract price of $3,373.75 for about 400 picture frames shipped to and allegedly accepted by Actino Galleries, Inc., under two guaranty agreements signed by Don Shepherd. Actino Galleries, Inc., hereinafter called Actino, was an insolvent corporation domiciled in New Jersey at the time and Don Shepherd was a stockholder therein who was interested in the success of Actino, but who did not actively participate in the business. Eric Schuster Corporation, referred to herein as Schuster, alleged that Actino had failed to pay for such merchandise and suit was consequently filed against the alleged guarantor, Shepherd, for the amount due.

Shepherd is appellant here and Schuster is appellee. Actino was insolvent and not subject to location. It is not a party to this suit. On a jury verdict the trial court rendered judgment for Schuster for $3,138.81 with interest at 6% per annum from January 1, 1963 to the date of judgment, making a total of $3,901.95. Judgment was rendered on January 30, 1967, and Shepherd has timely perfected his appeal from the judgment below.

The facts show that Schuster sold to Actino the 400 picture frames from April 12 to April 24, 1962 on credit, and that the agreed price was $3,578.49. Actino paid $205.68, leaving the balance for which Schuster alleges Don Shepherd is liable under his written guaranties. The guaranties are as follows:

"January 31, 1962

"Eric Schuster Corporation
45 Wood Street
Paterson 4, New Jersey

Attention: Mr. George Stiefel

Gentlemen:

"This will confirm my telegram of today, in which I personally agreed to guarantee credit account of Actino Galleries, Inc., up to a maximum of $4,000.00. If you need further information, please do not hesitate to call on me.

> Very truly yours,
> /s/ Don Shepherd
> Don Shepherd"

---

The second guaranty was as follows:

"March 14, 1962

"I, Don Shepherd, hereby guarantee payment in full to Eric Schuster Corp. for merchandise which will be delivered to Actino Galleries, Inc. and is described by their order #1912, which order is not to exceed $3,500.00.

> Signed
> /s/ Don Shepherd"

Shepherd answered with a plea of partial or total failure of consideration, and subsequently filed a pleading containing a general denial and plea of limitations, the latter plea being abandoned. The evidence shows that Actino did receive the merchandise, but that some of it was defective. On February 14, 1962, Actino placed order number 1912 with Schuster. Some delay in filling the order was occasioned by the fact that Schuster insisted on specific guaranties in addition to the general guarantee of $4,000.00 to the credit account theretofore executed by Shepherd. Following the receipt of the second guaranty from Shepherd dated March 14, 1962, Schuster proceeded to manufacture the merchandise and shipped the order to Actino in two parts. Actino claimed that the shipments were sent out to customers immediately upon receipt, and that within about two weeks Actino received complaints and some of the merchandise was returned. The nature of the complaints and the reason for the return of the merchandise was a disputed issue, Schuster claiming that defective prints themselves and the delay in receiving the picture prints until after the Christmas season was the cause, while Shepherd claimed that defec-

tive frames and moldings were the cause of the returns. Schuster admitted that in an order of such size or amount, small defects will occur. George Stiefel, appellee's representative, testified that the defects were minor and that he agreed to correct the defects at Schuster's cost. He testified that $50.00 to $75.00 would take care of the matter, but in order that good faith be shown by Actino, a partial payment of $1,000.00 should be made on the account. Prior to this order, Schuster had received a check from Actino for other merchandise and that check was not paid. There is ample evidence in the record which shows that Actino was incapable of paying for merchandise and that the officials of that company had no intention of paying for it as agreed. Steifel testified that the usual 30 days given on such an account did not apply to Actino because of past unfavorable dealings with the company.

Sworn pleadings and depositions of appellant, Don Shepherd, were introduced into evidence showing that Shepherd, in another action pending in Harris County District Court, styled Herst Litho Inc. v. Don Shepherd (an action for the prints), had stated and testified under oath that the cause of the delay and the trouble which ensued in connection with the return of the pictures by various customers, was occasioned by defective prints and late deliveries thereof, leaving the inference that the mounting and framing of the pictures by Schuster was not the cause of a failure to sell the pictures as claimed by Actino and Shepherd.

The evidence shows that in spite of the above objections to the quality of the merchandise shipped, Actino retained the frames and moldings. Of the first 100 frames sold by Actino, the firm received a total of about $2,500.00 from sales to various customers. No report or accounting was given to Schuster. When Actino ceased to do business a short time later, the remaining pictures and frames were

moved to California and wound up in the hands of a new company, Gallery Novala. They were never returned or shipped back to Schuster. Schuster contacted Shepherd a number of times regarding the account, but Shepherd refused to pay and took the position that the frames were defective and that he did not owe the debt.

The trial court submitted four special issues to the jury. The jury found that Schuster had not substantially performed the contract to sell the merchandise; that the frames were so defective as to affect their marketability; that the sum of $234.00 was required to correct defects in the frames so as to render them marketable; and that after discovering the defects, Actino Galleries accepted the shipment of frames and retained them.

■ Both guaranties set out verbatim above are absolute guaranties and the natural inference is that payment is agreed to be made by the guarantor at the time when the debt becomes due, and not that payment is to be made on condition that the debt cannot be collected from the principal by the exercise of due diligence. Austin v. Guaranty State Bank, 300 S.W. 129 (Tex. Civ.App.), no writ history; El Paso Bank & Trust Co. v. First State Bank, 202 S.W. 522 (Tex.Civ.App.), no writ history; McGhee v. Wynnewood State Bank, 297 S. W.2d 876 (Tex.Civ.App.) ref., n. r. e; 27 Tex.Jur.2d 283. The only limitation in the guaranties was one of maximum amount, and the demand and action were within those figures.

■ When one person assumes to answer for the debt of another by guaranteeing payment of a debt or account in writing, his liability upon such undertaking can be fixed and preserved only by a strict compliance with the terms of the guaranty, and if the creditor and principal debtor vary in any substantial degree in the terms of the contract, then a new contract has been

formed, upon which the guarantor is not bound. Jarecki Mfg. Co. v. Hinds, 295 S.W. 274 (Tex.Civ.App.), writ dismd, 6 S.W.2d 343; Straus-Frank Co. v. Hughes, 138 Tex. 50, 156 S.W.2d 519, 521, opinion adopted; Southwest Sav. Ass'n v. Dunagan, 392 S.W.2d 761, 766 (Tex.Civ.App.), ref., n. r. e.

◼ In this case Shepherd guaranteed the account and payment thereof when he knew that Actino probably could not pay promptly as agreed. The agreements of guaranty were unconditional, and while Actino, by its conduct, might have rescinded the contract of sale by returning the merchandise, it did not chose to do so, but retained it. The evidence shows that Actino actually sold about $2,500.00 worth of the framed prints to its own advantage and kept, if not secreted, the remainder thereof without attempting to return them for recission of the sales contract. So far as this record is concerned, Actino or its successor still has possession of the pictures and frames if it has not sold the remainder. The seller, Schuster, may maintain an action against Shepherd for the price even though the goods have proven to be defective in one way or another, if they were duly accepted by the buyer, as the jury in this case found. 51 Tex.Jur.2d 22; and see Kaplan Co. v. Wiley, 33 S.W.2d 289, 291 (Tex.Civ.App.), writ ref.; American Nat. Bank v. American Loan & Mortgage Co. (Comm.App.), 228 S.W. 169, 172; 13 Tex.Jur.2d, Sec. 72, p. 214. The buyer, on the other hand, has the right to retain the goods and sue, by way of offset or damages. Aultman & Taylor Co. v. Hefner, 67 Tex. 54, 2 S.W. 861 (Tex.Sup.); O'Con v. Hightower, 268 S.W.2d 321 (Tex.Civ. App.), writ ref.; 51 Tex.Jur.2d 31, 33, pp. 95–101. In such event the contract is affirmed by the buyer and only the amount of seller's recovery is at issue. In this case liability for the sale of the merchandise was established at $3,138.81, which the guaran-

tor refused to pay and which was within the limits of his written guaranties. Further, appellant had notice of the entire transaction and took no action whatsoever with regard to the guaranties.

◼ Both guaranties were in existence and in effect at all material times. The fact that an additional guaranty was provided does not prove that the original continuing guaranty was destroyed. It must be shown that the later guaranty was intended and accepted as a substitute for the former. 38 C.J.S. Guaranty § 80; Warner v. First Nat. Bank of Waco, 369 S.W.2d 651 (Tex.Civ.App.), no writ hist. In any event, we hold that the second guaranty was sufficient to impose liability upon appellant. The issue, if it was a fact issue, was defensive and no issues were requested by appellant for submission to the jury. Rule 279, Texas Rules of Civil Procedure.

As we view this case in connection with the guaranties delivered by appellant, there was no variance in the terms of credit accounts or in order 1912 which exceeded $3,500.00. Liability was established at a lesser sum. The guaranties contemplate that a lesser sum is permissible. Actino had the option to return the merchandise and rescind the contract if it was serious in its claim that the goods were materially defective and unusable. Shepherd had no interest in the order directly, his interest being payment for value received by Actino so long as the purchase did not exceed certain amounts of money. We distinguish this case from Jarecki Mfg. Co. v. Hinds, supra, where the guaranty was payment for five thousand feet of wire line which was not to cost over $1,050.00 (21¢ per foot), a specific and fixed guaranty. Delivery of 4,500 feet of wire at a cost of 21¾¢ per foot was made. The court in Jarecki held that the variance in footage and cost was fatal to the guaranty. But in the instant case, the credit account of Actino and payment for property described in order number 1912

was guaranteed, *at a maximum of or not to exceed* certain sums. The sums here were indeterminate and the cost was permissibly below the maximum stated in the guaranty. Actino received all of order number 1912, repaired the frames which were not suitable, and kept or sold them. The trial court allowed an offset for the cost of the repairs. We do not believe this case falls within the strict rule of Jarecki because of the differences stated above, and because appellant knew the facts and advised with officials of Actino during the transaction as an interested stockholder in an insolvent corporation.

 Appellant complains that the trial court in rendering judgment for a sum of money which represents the difference between the original agreed contract price and the cost of repairing the defective merchandise was error. However, special issue number 3 was in favor of appellant and the burden of proof was upon him to prove and furnish evidence from which the jury could determine the extent to which a warranty or consideration had failed. The only evidence in the record on this point is the cost of repairing the merchandise. The issue was defensive. Celotex Corp. v. Fisher, 288 S.W.2d 319 (Tex.Civ.App.), no writ hist.; Allison Ranch Co. v. Angelo Auto Electric, 145 S.W.2d 645 (Tex.Civ.App.), writ dismd. There was no timely objection or exception made to the submission of the special issues as to form or substance and consequently appellant has waived any complaint. McCullom v. McClain, 227 S.W.2d 333 (Tex. Civ.App.), no writ; O'Conner v. Gragg, 161 Tex. 273, 339 S.W.2d 878, 885 (Tex. Sup.); 3 Tex.Jur.2d, p. 401 et seq. Under the circumstances here, no error was committed by the trial court. Paul v. Johnson, 314 S.W.2d 338, 341 (Tex.Civ.App.), writ dismd.; 17 Tex.Jur.2d 160.

We have examined each complaint of appellant and we find the evidence sufficient to support the trial court's judgment.

Affirmed.