W. E. "Rocky" NEUMAN et al., Appellants,

v.

SPECTOR WRECKING & SALVAGE COMPANY, INC., Appellee.

No. 7436.

Court of Civil Appeals of Texas, Beaumont.

Jan. 31, 1973.

Lynwood Sanders, Orange, for appellants.

Morris, Smith & Peveto, Orange, for appellee.

KEITH, Justice.

The question presented by this appeal is the proper measure of damages to be applied in a suit for breach of warranty of used equipment. Defendant (our appellant) sold to the plaintiff a used truck scale for an agreed price of $3700, plus an additional $553 for installation thereof. Defendant made an express warranty, i. e., "Warranty New Scale as Fac Warranty," and there is little doubt in our record that there was also an implied warranty that the scales were suitable for the purpose for which they were purchased.

The scales collapsed under the fifth truck to use the same and defendant failed and refused to repair or replace the scales in accordance with his express and implied warranties. In a trial to the court, judgment was rendered for plaintiff in the amount of $4500, hence this appeal.

Defendant made no effort to dispute the claim of warranty, express or implied, or the fact that it had been breached. No attempt was made to show that the scales were fit for the use intended or that he

had tried to repair them. Plaintiff, proving the contract, the payment of the purchase price and installation cost, the complete breakdown of the scales, and the refusal to replace or repair, offered only one expert witness. A salesman for the original manufacturer of the scales testified that several levers in the scale mechanism had been welded after having been broken earlier and that the metal around the welded seams had eroded to such an extent that there was not enough remaining metal to support the levers. He said that the scale could be repaired but that "it is cheaper to buy a whole scale than it is to buy parts." This was reiterated upon cross-examination and stands undenied in the record.

It was shown by the testimony of this manufacturer's representative that a "new scale warranty" provided for replacement of defective parts and the attendant labor costs incident thereto.

This witness also testified that a new lever system for the scale would cost $3392, plus tax and freight (which he did not estimate) with an additional $1440 for labor in installing the scale, and about $100 for supplies, and an additional $100 as "travel time," for a total cost of $5032. Plaintiff made no effort to prove the value of the used scale as represented, or the value of the scale as installed. The trial court's judgment, as announced from the bench, accepted plaintiff's replacement theory ($5032), gave defendant credit for the value of the new levers installed in the old scale ($532), and entered judgment for plaintiff for the remainder, $4500. No findings of fact or conclusions of law were requested or filed.

Defendant contends that the incorrect measure of damages was used by the trial court; or, alternatively, that there was no competent evidence upon which the trial court could have based any judgment for monetary damages.

■ Ordinarily, in the breach of warranty case (either express or implied), in the sale of equipment the measure of damages is not the cost of repair, but the difference in market value of the equipment in the condition in which it was delivered and its market value in the condition it should have been according to the contract of the parties. Head & Guild Equipment Company v. Bond, 470 S.W.2d 909, 912 (Tex.Civ.App., Beaumont, 1971, no writ). Accord: Lawler v. Aramco, Inc., 447 S. W.2d 189, 192 (Tex.Civ.App., Houston—1st Dist., 1969, error ref. n. r. e.); Davis Bumper to Bumper, Inc. v. American Petrofina Co., 420 S.W.2d 145, 150 (Tex.Civ.App., Amarillo, 1967, error ref. n. r. e.); Texas Construction Rentals, Inc. v. Harrison, 410 S.W.2d 482, 485 (Tex.Civ.App., Waco, 1966, error ref. n. r. e.).

■ Having retained the scales in question and suing for his damages for the breach of the contract, plaintiff labored under the burden of offering evidence of the difference in value upon which a judgment could be based. Heisig Rice Co. v. Fairbanks, Morse & Co., 45 Tex.Civ.App. 383, 100 S.W. 959, 960 (1907, no writ), quoted in Davis, supra. See also, Shepherd v. Eric Schuster Corporation, 424 S. W.2d 693, 698 (Tex.Civ.App., Houston—14th Dist., 1968, error ref. n. r. e.). And, in a suit for breach of warranty, the buyer is also entitled to recover such consequential damages as his seller should have contemplated as a probable result of the breach of warranty. Craftsman Glass, Inc. v. Cathey, 351 S.W.2d 950, 952 (Tex.Civ.App., Amarillo, 1961, no writ); Cruz v. Ansul Chemical Company, 399 S.W.2d 944, 949 (Tex.Civ.App., Corpus Christi, 1966, error ref. n. r. e.). However, the plaintiff must have appropriate pleadings supported by evidence in order to recover his damages.

Plaintiff cites § 2.714(b), Uniform Commercial Code, which reads:

"The measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount."

It is noted that the general rule set out in this subsection is in complete harmony with the Texas decisions above noted. Plaintiff, however, relies upon the "special circumstances" proviso at the end of the quotation.

In support of the position taken, plaintiff relies on Davis-Pickett Chevrolet, Inc. v. Collier, 106 Ga.App. 660, 127 S.E.2d 923, n. 1 at 925 (1962), wherein the court recognized the general rule as set out above but, under the circumstances of that case, held that "the reasonable cost of making repairs may be a proper measure, particularly when it is contended by the purchaser that the seller had refused to make the necessary repairs and that he had secured them elsewhere." In the case at bar, plaintiff had not "secured [the repairs] elsewhere" and we do not find the Georgia case apt or persuasive.

■ Plaintiff contends that the application of the usual rule of damages in the case at bar would not make plaintiff whole for the loss he has sustained. This argument is predicated upon several factors, namely, (a) that the scales have no present value; (b) it would cost more to remove them than the salvage value as found by the trial court; and (c) he would not be compensated for the cost of the removal of the scales. The short answer to this contention is that plaintiff neither pleaded nor did he prove such facts. Instead, an examination of the trial petition reveals he sought the recovery of the total amount he had paid to the defendant; and, the proof in support of the recovery was confined to the cost of a new scale mechanism. There was, consequently, neither pleading nor proof which would authorize a recovery under the exception noted in § 2.714(b), Uniform Commercial Code, supra.

Defendant's third point reads: "The Trial Court erred in awarding a judgment to Appellee for an amount in excess of the contracted price of the scales." Considering the state of the evidence and the nature of the pleadings of the plaintiff, we are of the opinion that this point is meritorious.

■ Even when it is proper to assess the damages as the cost of repairs, " '[a] plaintiff is not to be put in a better position by the recovery of damages for the breach of a contract than he would have been if there had been performance.' " Booth v. Texas Builders' Supply Co., 47 S.W.2d 427, 429 (Tex.Civ.App., Beaumont, 1932, no writ), quoting from 17 C.J. 847 [now found in 77 C.J.S. Sales § 378 at 1330 (1952)].

■ Further, plaintiff purchased an old used scale from the defendant and his recovery is for the cost of a new scale. We may take judicial knowledge of the fact that there is a difference in value between a used and a new item of mechanical equipment. In Morfessis v. Sterling Metalware Company, 193 A.2d 66, 69 (Ct. App., D.C., 1963), the court held that a plaintiff "may not recover the current market value of additional or substitutional parts which change the grade or quality of the article sold." Here, plaintiff has been awarded the cost of a new scale as damages for the failure to repair the old scale which he purchased; and, more importantly recovered more in his damage claim than he had paid for the scale. We sustain defendant's third point.

■ Error is apparent in the record and we sustain each of defendant's points, requiring a reversal of the trial court's judgment. Defendant also seeks a rendition of the judgment but we note that he answered generally and did not level any special exceptions to the plaintiff's trial pleading which did not allege the correct measure of damages. In the interest of justice, we remand the cause for a trial upon pleadings alleging the proper measure of damage for breach of the warranties and for the entry of judgment, if any, in accordance with the law herein enunciated.

Reversed and remanded.